# Exhibit A

# SUMMONS
## *(CITACION JUDICIAL)*



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

F I L E D

2016 JUL 12  A 10: 44

STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
CONTRA COSTA CO.
BY: **D. WAGNER**

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MTC FINANCIAL INC.,
see attached Defendants list.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LINDA R. RODEMSKY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Wakefield Taylor Courthouse

CASE NUMBER:
*(Número del Caso):* **C16 - 01323**

Superior Court of the State of California County CONTRA COSTA
725 Court Street, Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LINDA RODEMSKY    1263 SHAKESPEARE DRIVE, CONCORD, CA 94521

DATE: JUL 12 2016    CLERK OF THE SUPERIOR COURT    Clerk, by **D. WAGNER**, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒☒ on behalf of (specify): **MTC FINANCIAL, INC. DBA TRUSTEE CORPS**

   under: ☒☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| RODEMSKY v. MTC FINANCIAL INC., | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA and DOES 1 THROUGH 35 INCLUSIVE,

Defendants.

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

RODEMSKY VS MTC FINANCIAL INC.

NOTICE OF CASE MANAGEMENT CONFERENCE          CIVMSC16-01323

1.   NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  11/29/16      DEPT:  21       TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.   You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)646-4099 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.   You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.   At any Case Management Conference the court may make pretrial
orders including the following:

     a.   an order establishing a discovery schedule
     b.   an order referring the case to arbitration
     c.   an order transferring the case to limited jurisdiction
     d.   an order dismissing fictitious defendants
     e.   an order scheduling exchange of expert witness information
     f.   an order setting subsequent conference and the trial date
     g.   an order consolidating cases
     h.   an order severing trial of cross-complaints or bifurcating
          issues
     i.   an order determining when demurrers and motions will be filed

                            SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

          Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:   07/12/16              _____
                                   D. WAGNER
                              Deputy Clerk of the Court

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| LINDA RODEMSKY<br>6300 PETALUMA HILL ROAD<br>SANTA ROSA, CA 95404<br>TELEPHONE NO.:          FAX NO.:<br>ATTORNEY FOR *(Name)*: In proper | F I L E D<br><br>2016 JUL 12  A 10: 44<br><br>STEPHEN H. NASH<br>CLERK OF THE SUPERIOR COURT<br>COUNTY OF CONTRA COSTA, CA<br>BY: D. WAGNER |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

CASE NAME:
RODEMSKY v. MTC FINANCIAL INC., et.al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>C16 - 01323 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☑ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

**2.** This case ☐ is    ☑ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties          d. ☐ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel          e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve                    in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
**4.** Number of causes of action *(specify)*: 10
**5.** This case ☐ is    ☑ is not    a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11 July 2016

Linda Rodemsky                                    Linda R. Rodemsky
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

LINDA R. RODEMSKY
1263 SHAKESPEARE DRIVE
CONCORD, CA 94521

PLAINTIFF IN PRO PER

FILED

2016 JUL 12  A 10: 44

STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY       D. WAGNER
                    CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF CONTRA COSTA

|  |  |
|---|---|
| LINDA R. RODEMSKY, <br><br> Plaintiff, <br><br> vs. <br><br> MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA and DOES 1 THROUGH 35 INCLUSIVE, <br><br> Defendants. | CASE NO.:  C 16 - 01322 <br><br> COMPLAINT FOR: <br><br> 1. HOMEOWNERS BILL OF RIGHTS <br> 2. VIOLATIONS OF CALIFORNIA CIVIL CODE § 2923.5 <br> 3. WRONGFUL VIOLATION OF CALIFORNIA FORECLOSURE <br> 4. TO VOID OR CANCEL TRUSTEE'S DEED UPON SALE <br> 5. NEGLIGENCE <br> 6. DECLARATORY RELIEF <br> 7. FRAUD IN THE CONCEALMENT <br> 8. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS <br> 9. SLANDER OF TITLE <br> 10. QUIET TITLE <br> 11. INJUNCTIVE RELIEF <br><br> [ Plaintiff Request Jury Trial on the above causes of Action] |

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT ____ 21 _____

BY FAX

COMPLAINT

1

Plaintiff, LINDA R. RODEMSKY, ("Plaintiff"), alleges as follows:

I
PRELIMINARY ALLEGATIONS

1.  This action arises out of the unlawful, fraudulent and wilful oppressive sale of Plaintiff's real property in Contra Costa California.

2.  Plaintiff alleges that, in spite of their Declaration, prior to recording the Notice of Default,

neither the Loan Servicer nor the Lender contacted Plaintiff in person or by telephone to explore options for avoiding foreclosure as mandated by the *California Homeowner Bill of Rights and California Civil Code 2923.5.*

3.  Plaintiff contends that, California Civil Code § 2924.12 authorizes actions to enjoin foreclosures, or for damages after foreclosure, for breaches of §§ 2923.55 or 2924.17. This right of private action is "in addition to and independent of any other rights, remedies, or procedures under any other law.

4.  Plaintiff alleges that, Defendants' failure to comply with obligations under California Homeowner Bill of Rights and California Civil Code 2923.5 forms the gravamen of a cause of action for wrongful foreclosure and to set aside any notice of trustee's sale, and the availability of a private right of action predicated on a violation of section 2923.5.  Please see *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1166 (S.D. Cal. 2009).

5.  Plaintiff has a private right of action to enjoin material violations and to injunctive relief, which will remain in place as the trustee sale is postponed, until the court has an opportunity to determine if there was any material violation. If the trustee's deed upon sale has already been recorded and the court finds that there is a material violation that has not been corrected, the

2

mortgage servicer may be liable for actual damages. Additionally, if the violation is found in court to have been intentional or reckless, the mortgage servicer may be liable to treble actual damages or $50,000, whichever is greater. The court may also award attorney's fees and costs to the prevailing homeowner. *See Civil Code §2924.12*

6.   California Homeowner Bill of Rights and the express requirement of California Civil Code section 2923.5 mandates that a mortgage servicer must contact the homeowner, in person or by telephone, 30 days *before* recording a Notice of Default and discuss possible FPA options, however, Defendants failed to comply with these express requirements prior to commencing the non-judicial foreclosure of Plaintiff's real property and prior to recording the Notice of Default and the Notice of Trustee's Sale of Plaintiff's real property.

7.   Additionally, the foreclosing defendants, cannot establish possession and proper transfer and/or endorsement of the Promissory Note and proper assignment of the Deed of Trust herein; therefore, none of the Defendants have perfected any claim of title or security interest in the Property. Further, the foreclosing defendants do not have the ability to establish that the mortgages that secure the indebtedness, or Note, were legally or properly acquired.

II
JURISDICTION AND VENUE

8.   The transactions and events which are the subject matter of this Complaint all occurred within the County of Contra Costa, State of California, and the amount in controversy exceeds $25,000.00.   The real property which is the subject of this litigation is located within the County of Contra Costa, State of California, with an address of 1263 Shakespeare Drive, Concord, CA 94521 ("The subject property").

9.   The above named Defendants wrongfully encumbered, hypothecated, and unlawfully caused the non-judicial foreclosure of Plaintiff's real property in the County of Contra Costa, State of California.

10. This action arises under California law and venue is proper in this judicial district pursuant to Cal. Civ. Proc. Code §395.   Defendants' obligation and liability arise in this County because defendants and each of them, unlawfully interfered with Plaintiff's beneficial interest and enjoyment in her real property in this County.

III
PARTIES

11. Plaintiff, LINDA R. RODEMSKY, (hereinafter referred to as "Plaintiff") is, and all times mentioned herein, an individual over the age of eighteen residing in the County of Contra Costa, State of California.  Plaintiff is the rightful owner of the real property located at 1263 Shakespeare Drive, Concord, CA 94521 ("the subject property").

12. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned in this Complaint, Defendant, MTC FINANCIAL INC, a corporation, organized and existing under the laws of the state of California, was conducting business in the County of Contra Costa, State of California and claims to be the debt collector and beneficiary under the deed of trust executed by Plaintiff.  Defendant is a participant in the unlawful and wrongful foreclosure of Plaintiff's real property.   MTC FINANCIAL INC, is not a bonafide encumbrancer of Plaintiff's real property.

13. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned in this Complaint, Defendant, CALIBER HOME LOANS, INC, a corporation, organized and existing under the laws of the state of Delaware and under the laws of United

States, was conducting business in the County of Contra Costa, State of California and claims to be the beneficiary under the deed of trust executed by Plaintiff. Defendant is a participant in the unlawful and wrongful foreclosure of Plaintiff's real property. CALIBER HOME LOANS, INC is not a bonafide encumbrancer of Plaintiff's real property.

14. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned in this Complaint, Defendant, U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, a national association, organized and existing under the laws of United States, was conducting business in the County of Contra Costa, State of California and claims to be the beneficiary under the deed of trust executed by Plaintiff. Defendant is a participant in the unlawful and wrongful foreclosure of Plaintiff's real property. Defendant is not a bonafide encumbrancer of Plaintiff's real property.

15. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned in this Complaint, Defendant, TRUSTEE CORPS, a corporation, organized and existing under the laws of the state of California, was conducting business in the County of Contra Costa, State of California and claims to be the debt collector and beneficiary under the deed of trust executed by Plaintiff. Defendant is a participant in the unlawful and wrongful foreclosure of Plaintiff's real property. TRUSTEE CORPS, is not a bonafide encumbrancer of Plaintiff's real property.

16. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned in this Complaint, Defendant, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, a corporation; was organized and existing under the laws of the state of California; and all time pertinent, was conducting business in the County of Contra Costa, State of California and claims to be the lender under the deed of trust executed by Plaintiff.

Defendant is a purported participant in the unlawful and wrongful foreclosure of Plaintiff's real property.

17.   Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 35, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some rights, title, or interest in the Property which is the subject of this litigation.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

18.   Plaintiff is informed and believes, and therefore alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

19.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-venturers of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture and enterprise.

IV
FACTUAL AND GENERAL ALLEGATIONS

20.   Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants, MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, were the agents, employees, servants and/or the joint-venturers of the remaining defendants, and each of them are liable to

6

Plaintiff for unlawfully instituting the Assignments of Deed of Trust, Substitution of Trustee, Notice of Default And Election To Sell Under Deed Of Trust, And Notice of Trustee's Sale, of Plaintiff's real property in violation of CCP § 2924 (a)(6), and California Civil Code § 2923.5(a) and Homeowner Bill of Rights.

21.   On or about December 11, 2006, (hereinafter referred to as "Closing Date"), Plaintiff LINDA R. RODEMSKY, entered into a consumer credit transaction with Defendant HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, by obtaining a $ 401,209.65 mortgage loan secured by the **DEED OF TRUST** of Plaintiff's real property located at 1263 Shakespeare Drive, Concord, CA 94521, ("the Subject Property").   A true and correct copy of the Deed of Trust is attached hereto as Plaintiff's **Exhibit "A"** and incorporated herein by reference as if set forth in full herein.

22.  Plaintiff is informed and believes, and thereon alleges that Defendants MTC FINANCIAL, INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, executed fraudulent real estate documents that touched and concerned Plaintiff's real property and thereafter caused said documents to be recorded in the Official Records in the Office of the Contra Costa County Recorder's office in violation of California laws.

23. Plaintiff alleges that despite Defendants' failure to perfect a security interest in plaintiff's note, Defendants MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, and their agents have attempted to collect on this Note and enforce the Deed of Trust with the knowledge that they have no legal right to do so.

24. Further, Plaintiff alleges that all the above named Defendants are liable to Plaintiff for the subsequent wrongful non-judicial foreclosure of Plaintiff's real property in that Defendants knew or should have known that they are not the holder of Plaintiff's note that was secured by the Deed of Trust for Plaintiff's real property. Defendants and each of them, cannot establish possession and proper and/or lawful transfer and/or endorsement of the Promissory Note and proper assignment of the Deed of Trust herein.

25. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-venturers of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture and enterprise.

26. On or about 08/20/2015, without notice to Plaintiff, and in its quest to cause the wrongful foreclosure of Plaintiff's real property, TRUSTEE CORPS, unlawfully substituted MTC FINANCIAL INC, dba TRUSTEE CORPS, as trustee under the deed of trust executed by Plaintiff. The substitution of trustee is void and is no force and effect in that, MTC FINANCIAL INC, dba TRUSTEE CORPS is not a dully substituted trustee.   A true and correct copy of the purported "SUBSTITUTION OF TRUSTEE" is attached hereto as Plaintiff's Exhibit "B.

27. On or about 08/20/2015, Defendant, MTC FINANCIAL INC, unlawfully recorded the "NOTICE OF DEFAULT AND ELECTION TO SELL UNDER THE DEED OF TRUST" in their zeal to deprive Plaintiff of ALL beneficial interests and enjoyment of his real property. (Plaintiff's Exhibit "C").

28. In spite of the declaration proffered by the Defendants, prior to recording the notice of

default, neither the Loan Servicer not the Lender contacted Plaintiff in person or by telephone to explore options for avoiding foreclosure as mandated by the California Homeowner Bill of Right and the express requirement of California Civil Code 2923.5.   As such, the Notice of Default is void and has no force and effect.

29. On or about 01/04/2016, CALIBER HOME LOANS, INC, purported to acting on behalf of the Lender, Household Finance Corporation of California, unlawfully issues assignment of deed of trust and thereafter, unlawfully granted, transferred, assigned and conveyed all the beneficial interest under the deed of trust executed by Plaintiff, to U.S. BANK TRUST, N.A., a Trustee for LSF9 Master Participation Trust.   A true and correct copy of the purported "ASSIGNMENT OF DEED OF TRUST" is attached hereto as Plaintiffs' Exhibit "D". CALIBER HOME LOANS, INC is not the Holder of Plaintiff's Note in due course and has no pecuniary interest in Plaintiff's real property and as such, had no right or standing to issue assignment of deed of trust under Plaintiff's Note and Defendant does have any right to assign and convey all beneficial interest under Plaintiff's Note and Deed of Trust to U.S. BANK TRUST, N.A., a Trustee for LSF9 Master Participation Trust.

30. Plaintiff is informed and believes and thereon alleges that Defendant conduct of unlawfully causing the Assignment of Deed of Trust of Plaintiff's note and the recording of the Assignment of Deed of Trust and the Substitution of Trustee in public land is unfair, fraudulent, and constitutes a violation of CCP § 2924 (a)(6) and Homeowner Bill of Rights.

31. On or about 01/25/2016, without notice to Plaintiff, Defendant MTC FINANCIAL INC, unlawfully recorded a Notice of Trustee's Sale ("NOTS") of Plaintiff's real property.   Plaintiff contends that, The NOTS is false in that, without limitation, it fails to properly credit Plaintiff for the payments made under the written loan agreement and therefore overstates the amount of

Plaintiff's default. The NOTS is further false in that, without limitation, it did not properly describe Plaintiff's real property. A true copy of the "NOTICE OF TRUSTEE'S SALE" is attached hereto as Plaintiff's Exhibit "E" and incorporated herein by reference as if set forth in full hereto.

32.     Plaintiff contends that there was no competitive bidding on the Property at the purported sale and the sale of Plaintiff's real property was unlawful and must be cancelled or set aside.

33.   This is an action brought by Plaintiff for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages.

34.   Plaintiff homeowner, disputes the title and ownership of the real property in question (the "Home" and/or the "Property"), which is the subject of this action, in that the originating mortgage lender, and others alleged to have ownership, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Deed of Trust related to the Property, and thus, do not have lawful ownership or a security interest in Plaintiff's Home which is described in detail herein.

35.   Plaintiff alleges that Defendants, and each of them, cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original Promissory Note and Deed of Trust, resulting in imperfect security interests and claims.

36.   Plaintiff further alleges that Defendants, and each of them, cannot establish possession and proper transfer and/or endorsement of the Promissory Note and proper assignment of the Deed of Trust herein; therefore, none of the Defendants have perfected Plaintiff's claim of title or security interest in the Property. Defendants, and each of them, do not have the ability to establish that the mortgages that secure the indebtedness, or Note, were legally or properly

1  acquired.

2  37.  Notwithstanding, in the event this Court finds that Defendants and each of them, have

3  established possession and transfer and/or endorsement of the Promissory Note and assignment

4  of the Deed of Trust herein, such transfer and/or endorsement of the Promissory Note and

5  assignment of the Deed of Trust establishes prima facie evidence of Defendants' breach of

6  written contract, as such was carried out in contravention of both the terms of said Promissory

7

8  Note and Deed of Trust, as well as the law.

9  38.  Plaintiff alleges that an actual controversy has arisen and now exists between the

10 Plaintiff and Defendants, and each of them. Plaintiff desires a judicial determination and

11

12 declaration of his rights with regard to the Property and the corresponding Promissory Note and

13 Deed of Trust.

14  39.  Plaintiff also seeks redress from Defendants identified herein for damages, for other

15 injunctive relief, and for cancellation of written instruments based upon: An invalid and

16 unperfected security interest in Plaintiff's Home hereinafter described; Void "True Sale(s)"

17

18 violating California law and Homeowner Bill of Rights; An incomplete and ineffectual

19 perfection of a security interest in Plaintiff's real property; and Violations of California Business

20 and professions Code §17200 (Unfair Business Practices).

21  40.  Plaintiff contends that because Defendants, MTC FINANCIAL INC., CALIBER HOME

22 LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust,

23 TRUSTEE CORPS, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA and their

24

25 certifying officers and agents are not the holder of Plaintiff's note and because they have no

26 legal, equitable, or actual beneficial interest whatsoever in Plaintiff's real properties Defendants

27 lack standing to foreclosure of Plaintiff's real property and as such, any buyer of Plaintiff's real

28

property under this circumstances, is /are not Defendant bonafide purchaser of Plaintiff's real properties that is the subject of this litigation.

41.  Plaintiff contends that under the circumstance, any purported buyer of Plaintiff's real property cannot lawfully be a bonafide purchaser or a bonafide encumbrancer of Plaintiff's real property.

42. Plaintiff alleges that an actual controversy has arisen and now exists between the Plaintiff and Defendants, and each of them.  Plaintiff desires a judicial determination and declaration of their rights with regard to her real property and the corresponding Promissory Note and Deed of Trust.

43. Plaintiff, disputes the title and ownership of the real properties in question which is the subject of this action, in that the originating mortgage lender, and others alleged to have ownership of Plaintiff's mortgage note and/or Deed of Trust, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Deed of Trust related to the subject property, and, thus, do not have lawful ownership or a security interest in Plaintiff's real property.

44.  Plaintiff alleges that Defendants, MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, and TRUSTEE CORPS, are not the holders of Plaintiff's note and because they have no legal, equitable, or actual beneficial interest whatsoever in Plaintiff's real property described above, therefore, Defendants lack standing to foreclosure on Plaintiff's real property.  For these reasons, the Court should Quiet Title to the subject properties in Plaintiff's name.

45. Additionally, Plaintiff brings causes of actions complain against all defendants for Declaratory relief, fraud in the concealment, intentional infliction of emotional distress,

rescission, Quiet Title, Violation of California Civ. Code §§ 2923.6, 1788.17 and § 1572 including but not limited to violations of Truth in Lending Act and Real Estate Settlement Procedures Act and upon the facts and circumstances surrounding Plaintiff's original loan transaction and subsequent unlawful non judicial foreclosure.

46.   Defendants' violations of these laws are additional reasons this Court should quiet title in Plaintiff's property in Plaintiff and award damages, rescission, declaratory judgment, and injunctive relief as requested below.

47.   Plaintiff alleges that Defendants, MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, and each of them, cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original Promissory Note and Deed of Trust, resulting in imperfect security interests and claims.

48.   Plaintiff further alleges that Defendants MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, and each of them, cannot establish lawful possession and proper transfer and/or endorsement of the Promissory Note and proper assignment of the Deed of Trust herein; therefore, none of the Defendants have perfected any claim of title or security interest in the Property.  Defendants, and each of them, do not have the ability to establish that the mortgages that secure the indebtedness, or Note, were legally or properly acquired.

49.   Plaintiff also seeks redress from Defendants MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, for

damages, for other injunctive relief, and for cancellation of written instruments based upon: an invalid and unperfected security interest in Plaintiff's real property described above; an incomplete and ineffectual perfection of a security interest in Plaintiff's real properties.

50.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, were the agents, employees, servants and/or the joint-venturers and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture and conspiracy.

51.   Plaintiff alleges that the major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not it was a direct actor and regardless of the degree of its activity.

52.   Plaintiff alleges, upon information and belief, that Defendants MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, and TRUSTEE CORPS, executed forged and fraudulent real estate documents pertaining to Plaintiff's real property then caused the unlawful non-judicial foreclosure of Plaintiff's home proximately resulting in Plaintiff's injuries.

53.   Plaintiffs allege that Defendants have no authority to collect on the Note and enforce the Deed of Trust.

54.   Plaintiff alleges that despite Defendants' failure to perfect a security interest in Plaintiff's real property, Defendants MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS,

1.

and their agents have attempted to collect on this Note and enforce the Deed of Trust with the knowledge that they have no legal right to do so.

55.   Plaintiff is further informed and believes, and thereon alleges, that any purported assignments and/ or transfers of Plaintiff's debt or obligation did not comply with state and federal laws and thus, do not constitute valid and enforceable transfer and cannot result in true sale of here real properties.

56.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, and any assignment of a Deed of Trust without proper transfer of the obligation that it secures the Deed of Trust is a legal nullity.

57.   Plaintiff alleges, upon information and belief, that none of the parties to neither the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in Plaintiff's real Properties; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's real properties.

58.   The purported notices, if any, recorded or caused to be recorded by Defendants in the official record in the Office of the Contra Costa County Recorder's Office are void because they failed to comply with the statutory requirements in the manner required by Civil Code 2929 et seq.   Defendant(s) beneficiary and defendant trustee had duties and obligations to plaintiff, by operation of Civil Code 2929 et seq.

59.   Plaintiff has been wrongfully deprived of the beneficial use and enjoyment of her real property and, all to her loss and damage, has been deprived of legal title by forfeiture, and removed from possession.

60. Through this action, Plaintiff seeks damages resulting from Defendants' unlawful and wrongful non-judicial foreclosure of plaintiff's real property.

## FIRST CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA HOMEOWNERS BILL OF RIGHTS)

(Against All Defendants)

61.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62.  Plaintiff is informed, believes, and thereon alleges that at all times relevant to this Complaint, each Defendant named in this complaint in relation to the real property subject of this action was the agent or employee of each of the other remaining Defendants, including those Defendants named herein by fictitious names, and at all times was acting within the course and scope of such agency or employment in the Violation of California Homeowner Bill of Rights herein alleged.

63.  Plaintiff alleges that Defendants and each of them failed to comply with the express requirements of the Pre-Notice of Default Outreach Requirements mandated by the California Homeowners Bill of Rights.

64.  The California Homeowner Bill of Rights provide in pertinent part that, a servicer may not record a notice of default (NOD) until 30 days after contacting, or diligently attempting to contact, the borrower to discuss alternatives to foreclosure.

65. Plaintiff alleges that prior to filing the Notice of Default and prior to instituting the non-judicial foreclosure of Plaintiff's real property, the foreclosing defendants did not contact Plaintiff to discuss alternatives to foreclosure as required by California Homeowner Bill of Rights.

66. Plaintiff alleges that the servicer and the foreclosing Defendants did not exercise due diligence to contact Plaintiff as required under the California Homeowner Bill of Rights.

67.   Plaintiff contends that During the 30 days period prior to Foreclosing Defendants, filing a Notice of Default, Plaintiff was never contacted in person or by telephone in order to assess her financial situation or to explore options to avoid foreclosure and consider or offer a possible permanent loan modification as mandated by the express requirements of the Pre-Notice of Default Outreach as required by the California Homeowners Bill of Rights.

68.   Plaintiff allege that Civil Code § 2924.12 authorizes actions to enjoin foreclosures, or for damages after foreclosure, for breaches of §§ 2923.55 or 2924.17. This right of private action is "in addition to and independent of any other rights, remedies, or procedures under any other law. Nothing in this section shall be construed to alter, limit, or negate any other rights, remedies, or procedures provided by law." Civil Code § 2924.12(h). Any Notice of Default, or Substitution of Trustee recorded on Plaintiffs' real property based upon a fraudulent and forged Deed of Trust shall be considered a "Material Violation", thus triggering the injunctive relief provisions of Civil Code § 2924.12 & § 2924.17(a) (b).

69.   As a direct and proximate result of the Servicer and the Foreclosing Defendants' failure to comply with the express requirement of the California Homeowners Bill of Rights, Plaintiff has suffered general and special damages in an amount to be determined at jury trial.

70. As a direct and proximate result of the Servicer and the Foreclosing Defendants' failure to comply with the express requirement of the California Homeowners Bill of Rights, Plaintiff is entitled to treble damages against the foreclosing Defendants and each of them according to proof at trial by the jury.

////

////

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF CALIFORNIA CIVIL CODE § 2923.5)

### (AS TO MTC FINANCIAL INC AND DOES 1 TO 35)

71.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72.   A Mortgagee, Trustee or their authorized agent may not file a notice of default until 30 days after contacting a borrower in person or by telephone to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.

73.   During the 30 days period prior to MTC FINANCIAL INC, filing a Notice of Default, Plaintiff was never contacted in person or by telephone in order to assess her financial situation or to explore options to avoid foreclosure and consider or offer a possible permanent loan modification.

74.   Nevertheless, Defendants failed to contact Plaintiff and assess his financial situation. Defendants also failed to explore options for the borrower to avoid foreclosure.

75.   Plaintiff is injured by reason of this violation of California Civil Code § 2923.5(b), in that, as a direct and proximate result of Defendants' complained of acts, Plaintiff has suffered and continue to suffer damages, including but not limited to, monetary damages and emotional distress, in an amount to be proven at trial.

76.   By reason of the Defendants' violation of California Civil Code § 2923.5(b), Plaintiff is entitled to damages sustained, costs of suit, and reasonable attorneys' fees.

////

////

THIRD CAUSE OF ACTION

(WRONGFUL FORECLOSE)

(Against All Defendants)

77.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78.   Plaintiff alleges that there has been unlawful, fraudulent and willful oppressive sale of her real property and that Defendants and each of them are liable to Plaintiff for damages.

**TENDER IS NOT REQUIRED**:

79. Plaintiff alleges that under the circumstance where there has been **illegal, fraudulent or willful oppressive sale** of property by the foreclosing defendants, Plaintiff is not required to tender the entire debt before filing this wrongful foreclosure lawsuit.

80. There is no tender requirement as a pre-requisite for a damages claim for wrongful foreclosure.   *In Munger v. Moore* (1970) 11 Cal. App. 3d 1, 7, the First District observed: [A]trustee or mortgagee maybe liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or willfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust. This rule of liability is also applicable in California . . . . [citations omitted].

81. Plaintiff alleges that, tender is not required in that Plaintiff is also challenging the validity of the underlying debt.   See for example, *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112-113 (2011).   Plaintiff alleges that underlying debt's validity and the exercise of the acceleration of debt by Defendants was premature and not authorized under the terms and conditions of the deed of trust.

82. Plaintiffs alleges that tender is also not required where, as here, the trustee did not have power to conduct the trustee's sale.   Please see for example Dimock v. Emerald Properties, 81 Cal. App. 4th 868, 878 (2000).

83. Tender is also not required where it would be inequitable.   See, *Stephens, Partain &Cunningham v. Hollis*, 106 Cal. App. 3d 948, 953 (1987).   Similarly, it would be inequitable here, to apply the tender rule and Defendants are no bonafide encumbrancer of Plaintiffs' real property.

84.   Plaintiff alleges that under the circumstance where there has been illegal, fraudulent or willful oppressive sale of property by the foreclosing defendants, Plaintiff is not required to tender the entire debt before filing this wrongful foreclosure lawsuit.

85.   Plaintiff alleges that, tender is not required because Plaintiff is also challenging the validity of the underlying debt and because the foreclosing defendants failed and/or refused to credit Plaintiff for the amount paid on the subject property.

86. Plaintiff alleges that Defendants, and each of them, do not have the right to foreclose on his real Property because Defendants, and each of them, have failed to perfect any security interest in the Property, and cannot prove to the court they have a valid interest.   Thus, Defendants do not have standing or legal authority to effectuate the foreclosure and sale of Plaintiff's real properties.

87.   Plaintiff alleges that Defendants, MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, and TRUSTEE CORPS, were the agents, employees, servants and/or the joint-venturers of the remaining Defendants, and each of them are liable for unlawfully instituting the ASSIGNMENT OF DEED OF TRUST, SUBSTITUTION OF TRUSTEE, NOTICE OF DEFAULT AND

ELECTION TO SELL, and NOTICE OF TRUSTEE SALE of Plaintiff's real property in violation of CCP § 2924 (a)(6) and the Homeowner Bill of Rights. The above named Defendants lack standing to cause the non- judicial foreclosure of Plaintiff's real property; therefore, the wrongful and unlawful non-judicial foreclosure of Plaintiff's real property instituted the above named Defendants is NULL and VOID.

88. At all times relevant herein, MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, and HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, were acting as purported agent and in conspiracy for each other to cause the WRONGFUL FORECLOSURE of Plaintiffs' real property and primary residence.

89. Plaintiff alleges that there has been an *illegal, fraudulent or willfully oppressive sale* of his real property under a power of sale contained in a mortgage or deed of trust and that Defendants MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, and HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA are liable to Plaintiff for damages.

90. Plaintiff is informed and believes and thereon alleges that the non- judicial foreclosure documents recorded by Defendants are untrue and fabricated and were promulgated through counterfeit securities and/or assignments instruments which were not made available to Plaintiff.

91. Plaintiff alleges that the non-judicial foreclosure of Plaintiff's home instituted by the above named Defendants was wrongful and that Defendants acted "intentionally, fraudulently and in conscious and callous disregard for the rights of Plaintiff and homeowners bill of rights.

92. Plaintiff alleges that Defendants' conduct violated *California Civil Code § 2923.5(a)*, which requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower or person

2

by telephone in order to assess the borrower's financial situation and explore options for the

borrower to avoid foreclosure. "Section 2923.5(b) requires a default notice to include a

declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with section

2923.5, including attempt "with due diligence to contact the borrower as required by this section.

93. None of the Defendants assessed Plaintiff's financial situation correctly or in good faith

prior to filing the Notices of Default against the Subject Property in this action.  Additionally,

the declaration was executed on behalf of a corporation that was not in existence at the time of

the declaration.  Also, the declaration did not satisfy the requirements of *Section 2923.5.*

94.  Accordingly, the Defendants did not fulfill their legal obligation to Plaintiff prior to

filing of the Notices of Default and, therefore, any acts based on the Notice of Default taken

thereafter were invalid and void.

95. Furthermore, Defendants failed to comply with the statute requiring that the notice of

default include a "declaration that the mortgagee, beneficiary or authorized agent has contacted

the borrower" pursuant to subdivision (a)(2). (*Civil Code section 2923.5(b).*)

96. Plaintiff is informed and believes and thereon alleges that at all times pertinent,

Defendants were not authorized by contract or law to proceed with the non-judicial foreclosure

of Plaintiff's real property which Plaintiff has owned for many years.

97. The assignments by Defendants were fraudulent and wrongful and the deed of trust was

not perfected.   Therefore, the assignment of the deed of trust has not been perfected.

98. Additionally, Plaintiff had on many occasions *Tendered Money* to bring the mortgage

current but each time Defendants have refused to accept any from Plaintiff

99. Consequently, Defendants engaged in a fraudulent and wrongful foreclosure of the

Subject Property in that Defendants did not have the legal authority to foreclose on the Subject

Property and, alternatively, if they had the legal authority, they failed to comply with Civil Code sections 2923.5 and 2923.6.

100.    As a result of the above-described breaches and wrongful conduct by Defendants, Plaintiff has suffered general and special damages in an amount according to proof at trial.

101.    Plaintiff also seeks the expenses of legal proceedings, including attorney's fees necessary to rescind and void Defendants fraudulent foreclosure of Plaintiff's real property.

102.    Each and every Defendant in this case lacked the authority to foreclose on Plaintiff's property and the trustee sale of Plaintiff's home was null and void.

103.    Plaintiff contends that the lender(s) or individual or entity lacked the authority to foreclose, therefore, the trustee's sale was completely nullity with no force or effect hence, the trustee sale must be set aside.

104.    Additionally, Defendants in the instant case failed to comply with the notice requirements before instituting the trustee sale of Plaintiff's real property and primary residence. Further, Court have held that Notice Defect Voids Trustee Sale so tender would not be required.

### FOURTH CAUSE OF ACTION
#### (TO VOID OR CANCEL TRUSTEE'S DEED UPON SALE)
(Against All Defendants and DOES 1 through 35)

105.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

106.    Plaintiff alleges that the Trustee's Sale must be cancelled and/or set aside because

2

the Foreclosing Defendants failed, refused, and/ or neglected to notify Plaintiff of her rights to appeal the adverse decision on the loan modification request, and proceeded to sell the Property under a materially defective Notice of Trustee's Sale.

107.     The Foreclosing Defendants never had the legal authority to foreclose, i.e., the authority to exercise the power of sale as an assignee of the Note and Deed of Trust, because the Foreclosing Defendants' interest was never acknowledged and recorded in violation of Civil Code § 2932.5, resulting in the non-judicial foreclosure sale being void.

108.     The purported sale of the subject property by Defendants was improperly held and the trustee's deed was wrongfully made and executed in that, without limitation, the foreclosing Defendants and their predecessors in interest failed, refused, and neglected to comply with the express requirement of California Homeowners Bill of Rights.

109.     Plaintiff further alleges that the purported sale of her real property was unlawful, hence void and must be cancelled; and that the foreclosing Defendants, refused, and neglected to explore alternatives to foreclosure with Plaintiff prior to recording the NOTS, and subsequently failed and/or refused to consider Plaintiff for any loan modification or default resolution program.

110.     Plaintiff is excused from any offer to tender to the Foreclosing Defendants, all amounts due and/ or owing because of Defendants, **illegal, fraudulent and willful oppressive sale** of Plaintiff's home.

111.     The Foreclosing Defendants never had the legal authority to foreclose, i.e., the authority to exercise the power of sale as an assignee of the Note and Deed of Trust, because the Foreclosing Defendants' interest was never acknowledged and recorded in violation of Civil Code § 2932.5, resulting in the non-judicial foreclosure sale being void

2.

112.     Plaintiff is attempting to set aside this trustee's sale on grounds other than irregularities in the sale notice or procedure and on the grounds of illegal and oppressive sale of the subject property.

113.     Accordingly, Plaintiff hereby request an order of this Court that the Trustee's Sale was irregular in that it was legally void and conducted without any right or privilege by the Foreclosing Defendants.

<u>FIFTH CAUSE OF ACTION</u>

(NEGLIGENCE)

(Against all defendants and DOES 1 through 50)

114.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

115.     Plaintiff alleges that, MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA and each of them ("the foreclosing Defendants") are liable to Plaintiff in Negligence.

116.     Plaintiff is informed and believes and thereon alleges that the foreclosing Defendants and each of them, owed a duty of care to ensure they do not defraud Plaintiff.

117.     As further, duty owed by the foreclosing defendants to Plaintiff, Plaintiff is informed and believes and thereon alleges that the foreclosing Defendants and each of them,, owed a duty not to conduct illegal, fraudulent and oppressive sale of the subject property.

118.     Additionally, Plaintiff is informed and believes that the foreclosing Defendants

and each of them., owe Plaintiff the duty to comply with California Homeowner Bill of Rights and a duty to comply with the express requirement of California Civil Code § 2923.5 before the commencement of the non-judicial foreclosure of Plaintiff's home.

119.    Plaintiff is informed and believes and thereon alleges that the foreclosing Defendants and each of them, breached its duty to Plaintiff when they failed to comply with the express requirement of the California Homeowner Bill of Rights and the California Civil Code Civil Code § 2932.5.

120.    Plaintiff further, alleges that Defendants' failure to comply California Homeowner Bill of Rights and the California Civil Code Civil Code § 2932.5, is for sure, Negligence per se.

121.    As a further breach of duty to Plaintiff; Plaintiff is informed and believes and thereon alleges that, the foreclosing Defendants and each of them, breached its duty to Plaintiff when they maliciously and fraudulently, promulgating counterfeit securities and fraudulent assignment instrument and thereby causing Plaintiff's home that he owned for many years to go into foreclosure.

122.    Plaintiff is informed and believe, and on the basis of that information and belief alleges, that had Defendants used proper skill and care in the handling of Plaintiff's matter, Plaintiff would have not been subject to ridicule, emotional distress, and injury to reputation.

123.    Plaintiff allege that as a direct and proximate cause and result of Defendants fraud, promulgating of counterfeit securities and fraudulent assignment instrument, and failure to comply with the express requirement of the California Homeowner Bill of Rights and the California Civil code 2923.5, has caused substantial damage to Plaintiff's reputation, loss of

personal and business income and her good will and the sum to be determined during trial by the jury.

### SIXTH CAUSE OF ACTION

#### (DECLARATORY RELIEF)

(Against all Defendants)

124.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein

125.     An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties regarding the Note and Trust Deed.

126.     Plaintiff contends that pursuant to the mortgage loans and the Deed of Trust, Defendants do not have authority to foreclose upon and/or sell Plaintiff's real property described above.

127.     Plaintiff is informed and believes and upon that basis, alleges that Defendants dispute Plaintiff's contention and instead contend they may properly foreclose upon the Property.

128.     Plaintiff therefore request a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

129.     Plaintiff requests a determination of the validity of the Trust Deeds as of the date the Notes were assigned without a concurrent assignation of the underlying Trust Deeds.

130.     Plaintiff requests a determination of the validity of the Notice of Default ("NOD").

2

131.    Plaintiff requests a determination of whether any Defendants have authority to foreclose on the real Property.

132.    Plaintiff requests that all adverse claims to Plaintiff's real property that is the subject of this litigation must be determined by a decree of this honorable court.

133.    Plaintiff requests the decree declare and adjudge that plaintiff is entitled to the exclusive possession of the real property.

134.    Plaintiff request the decree declares and adjudge that plaintiff own in fee simple, and that Plaintiff is entitled to the quiet and peaceful possession of, the above-described real property.

135.    Plaintiff requests the decree declare and adjudge that defendants, MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the real property.

<u>SEVENTH CAUSE OF ACTION</u>

(FRAUD IN THE CONCEALMENT)
(Against all Defendants)

136.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

137.    Defendants, MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, acting in concert and in

2

conspiracy, with each other concealed the fact that the Loans were securitized as well as the terms of the Securitization Agreements, including, inter alia: (1) Financial Incentives paid; (2) existence of Credit Enhancement Agreements, and (3) existence of Acquisition Provisions.  By concealing the securitization, Defendants concealed the fact that Borrower's loan changed in character inasmuch as no single party would hold the Note but rather the Notes would be included in a pool with other notes, split into tranches, and multiple investors would effectively buy shares of the income stream from the loans.  Changing the character of the loan in this way had a materially negative effect on Plaintiff that was known by Defendants but not disclosed.

138.     Defendants knew or should have known that had the truth been disclosed, Plaintiff would not have entered into the Loan agreement.

139.     Defendant intended to induce Plaintiff based on these misrepresentations and improper disclosures.

140.     Plaintiff's reasonable reliance upon the misrepresentations was detrimental. But for failure to disclose the true and material terms of the transaction, Plaintiff would have been alerted to issues of concern.

141.     Plaintiff would have known of Defendants true intentions and profits from the proposed risky loan. Plaintiff would have known that the actions of Defendants collectively and individually, would have an adverse effect on the value of Plaintiff's real property.

142.     Plaintiff is informed and believes, and therefore alleges, that at all relevant times mentioned in this Complaint, Defendant and each of them were engaged in unlawful scheme the purpose of which was to execute unconscionable mortgage loans secured by real property in order to make commissions, kick- backs, undisclosed yield premiums, promised Plaintiff that

Plaintiff is entitled to loan modification and subsequently Rejected said offer of loan modification.

143.    Plaintiff alleges that Defendants, and each of them, had a duty to disclose the true costs of the mortgage loan which was made to Plaintiff and the fact that Plaintiff could not afford the loan.

144.    Defendants' failure to disclose the material terms of the transaction induced Plaintiff to enter into the loans and accept the Services as alleged herein.

145.    Defendants were aware of the misrepresentations and profited from them.

146.    As a direct and proximate result of the misrepresentations and concealment Plaintiff has been damaged in an amount to be proven at trial, including but not limited to costs of Loan, damage to Plaintiff's financial security, and emotional distress.

147.    Plaintiff alleges that Defendants are liable for malice, fraud and/or oppression. Defendants' actions were malicious and done willfully in conscious disregard of the rights of Plaintiffs in that Defendants' actions were calculated to injure Plaintiff. As such Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct.


## EIGHTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (Against all Defendants)

148.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

149.     At all times relevant herein, Defendants MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, and HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA were acting as purported agent and in conspiracy for each other to cause the WRONGFUL FORECLOSURE of Plaintiff's real property.

150.     The actions of Defendants, as set forth herein, have resulted in the Plaintiff being threatened with the loss of her real Property which is also his primary residence.

151.     This outcome has been created without any right or privilege on the part of the Defendants, and, as such, their actions constitute outrageous or reckless conduct.

152.     Defendants intentionally, knowingly and recklessly misrepresented to Plaintiff that Defendants were entitled to exercise the power of sale provision contained in the Deed of Trust.   In fact, Defendants were not entitled to exercise power of sale over Plaintiff's real property and have no legal, equitable, or actual beneficial interest whatsoever in the Property.

153.     Defendants' conduct i.e., fraudulently attempting to foreclose or claiming the right to foreclose on a property in which they have no right, title, or interest – is so outrageous and extreme that it exceeds all bounds of decency tolerated in a civilized community.

154.     Such conduct was undertaken with the specific intent of inflicting emotional distress on the Plaintiff, such that Plaintiff would be so emotionally distressed and debilitated that he would be unable to exercise legal rights in the Property; the right to title of the Property, the right to cure the alleged default, right to verify the alleged debt that Defendants are attempting to collect, and right to clear title to the Property such that said title will regain its marketability and value.

3

155.    At the time Defendants began their fraudulent foreclosure proceedings, Defendants were not acting in good faith while attempting to collect on the subject debt. Defendants, and each of them, committed the acts set forth above with complete; utter and reckless disregard of the probability of causing Plaintiff to suffer severe emotional distress.

156.    As an actual and proximate cause of Defendants' attempt to fraudulently and wrongfully foreclose on Plaintiff's home; or claim of the right to foreclose on Plaintiff's real property, Plaintiff has suffered severe emotional distress, including but not limited to lack of sleep, anxiety, and depression.

157.    Plaintiff did not default in the manner stated in the Notice of Default, yet because Defendants' outrageous conduct, Plaintiff has been living under the constant emotional nightmare of losing her real Property.

158.    As a proximate cause of Defendants' conduct, Plaintiff has experienced many sleepless nights, severe depression, lack of appetite, and loss of productivity at its place of employment.

159.    The conduct of Defendants, and each of them, as herein described, was so vile, base, contemptible, miserable, wretched, and loathsome that it would be looked down upon and despised by ordinary people. Plaintiff is therefore entitled to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar conduct.

////

////

////

## NINTH CAUSE OF ACTION

### (SLANDER OF TITLE)

### (Against all Defendants)

160.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

161.     Defendants, MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, and HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, and each of them, disparaged Plaintiff's exclusive valid title by and through the preparing, posting, publishing, and recording of forged and fraudulent real estates documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed.

162.     Defendants knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents, Defendants had no right, title, or interest in the Property. These documents were naturally and commonly to be interpreted as denying, disparaging, and casting doubt upon Plaintiff's legal title to the Property. By posting, publishing, and recording said documents, Defendants' disparagement of Plaintiff's legal title was made to the public at large.

163.     As a direct and proximate result of Defendants' conduct in publishing these documents, Plaintiff's title to the Property has been disparaged and slandered, and there is a cloud on Plaintiff's title; and Plaintiff has suffered, and continues to suffer, damages in an amount to be proved at trial.

3

164.    As a further proximate result of Defendants' conduct, Plaintiff has incurred expenses in order to clear title to the Property. Moreover, these expenses are continuing, and Plaintiff will incur additional charges for such purpose until the cloud on Plaintiff's title to the property has been removed. The amounts of future expenses and damages are not ascertainable at this time.

165.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered humiliation, mental anguish, anxiety, depression, and emotional and physical distress, resulting in the loss of sleep and other injuries to his and her health and well-being, and continues to suffer such injuries on an ongoing basis. The amount of such damages shall be proven at trial.

166.    At the time that the false and disparaging documents were created and published by the Defendants, Defendants knew the documents were false and created and published them with the malicious intent to injure Plaintiff and to deprive Plaintiff of his exclusive right, title, and interest in the Property, and to obtain the Property for their own use by unlawful means.

167.    The conduct of the Defendants in publishing the documents described above was fraudulent, oppressive, and malicious.   Therefore, Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish Defendants for their malicious conduct and deter such misconduct in the future.

TENTH CAUSE OF ACTION

(QUIET TITLE)

(Against all Defendants)

168.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

169.     Defendants, MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA and each of them, acted in concert to disparaged Plaintiff's exclusive valid title by and through the preparing, posting, publishing, and recording of forged and fraudulent real estates documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed.

170.     On or about December 11, 2006, (hereinafter referred to as "Closing Date"), Plaintiff LINDA R. RODEMSKY   entered into a consumer credit transaction with Defendant HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA by obtaining a $ 401,209.65 mortgage loan secured by the ***DEED OF TRUST*** of Plaintiff's real property located at 1263 Shakespeare Drive, Concord, CA 94521, ("the Subject Property").  The copy of the Deed of Trust is attached hereto as Plaintiffs' **Exhibit "A"** and incorporated herein by reference as if set forth in full herein.

171.     All Defendants named herein claim an interest and estate in the property adverse to plaintiff's interests in that defendants assert that they are the owners of the note secured by the deed of trust to Plaintiff's real properties.

172.     Plaintiff alleges that Defendants' claims are without merits whatsoever, and that defendants have no right, estate, title, lien or interest in or to the property, or any part of the property.

173.     The claim of all defendants herein named, and each of them, claim some estate, right, title, lien or interest in or to the property adverse to plaintiff's title, and these claims constitute a cloud on plaintiff's title to the property.

174.    Plaintiff alleges, upon information and belief, that none of the parties to neither the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in Plaintiff's real Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's real property.

175.    Plaintiff request the decree permanently enjoining defendants, and each of them, and all persons claiming under them, from asserting any adverse claim to plaintiffs' title to the property which was secured by the Deed of Trust and legally described above in this complaint.

176.    Plaintiffs respectfully request the court to award plaintiffs costs of this action, and such other relief as the court may deem proper.

## ELEVENTH CAUSE OF ACTION

### (INJUNCTIVE RELIEF)

(Against all Defendants)

177.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

178.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties regarding the Note and Trust Deed.

179.    Plaintiff contends that pursuant to the mortgage loans and the Deed of Trust, Defendants do not have authority to foreclose upon and/or sell Plaintiff's real properties described above.

180.    Plaintiff alleges that in addition to violating the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act, Defendants, MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master

Participation Trust, TRUSTEE CORPS, and HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, knowingly concealed their lack of an enforceable security interests in plaintiff's real properties by fabricating and recording false documents in the Contra Costa County Recorder's Office.

181.    Defendants' conduct is not only unfair and fraudulent, but also constitutes a violation of *California Homeowner Bill of Rights*. Through this action, Plaintiff seeks damages resulting from Defendants' unlawful conduct and a declaratory judgment establishing that Defendants have failed to substantiate a perfected security interest in the Note and Deed of Trust (collectively referred to as "Loan").

182.    Therefore, Plaintiff brings this cause of action for preliminary injunction against Defendants, MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, their agents, officers, employees, and affiliates or associated parties  for their and their predecessors' actions in engaging in a pattern of unlawful, fraudulent, and unfair predatory real estate practices causing Plaintiff to become victim of such behavior and to be in jeopardy of losing her real properties through unlawful non judicial foreclosure.

183.    Plaintiff has a clear legal right to seek temporary and permanent injunctive relief as Plaintiff resides in one of the Properties and have legal rights to her real properties and as Defendants MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, and TRUSTEE CORPS, without satisfying the necessary legal standing requirements to institute a foreclosure, are seeking, to

take possession, custody, and control of Plaintiff's real property that is the subject of this litigation and ultimately remove the Plaintiff from her real property.

184. Plaintiff has no adequate remedy at law to redress the harm complained of, and the sale of the Plaintiff's property, under the circumstances of record, is contrary to equity and good conscience in that such sale is being instituted by MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, and TRUSTEE CORPS, who have no legal standing to institute or maintain the non-judicial foreclosure.

185. The specific facts set forth in this Complaint demonstrates that unless an injunctive relief is granted against Defendants from removing Plaintiff from her property during the pendency of this lawsuit, Plaintiff will suffer irreparable injury, loss, and damage of her real property and eviction therefrom. The threatened injury to Plaintiff's property and personal rights cannot be compensated for by an ordinary damage award in that Plaintiff's real properties is unique.

186. Under the circumstances where the unlawful non-judicial foreclosure sale has occurred and Defendants are threatening to remove Plaintiff from her properties, irreparable loss to Plaintiff will result if the Injunctive Relief requested herein is not granted immediately.

187. As Defendants MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, and TRUSTEE CORPS, have no legal standing to institute or maintain a foreclosure of the Property, there is no harm to said Defendant with the granting of the requested relief, and any claimed harm is substantially outweighed by the irreparable harm to the Plaintiff if the relief requested herein is not granted.

188.     The granting of the relief requested herein is in the public interest, as the consuming public, including Plaintiff, will continue to be harmed by the illegal and unlawful conduct of the Defendants if the relief requested herein is not granted.

189.     Under the circumstances where there is no harm to Defendants MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, and HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, with the granting of the requested relief, no bond should be required as a prerequisite to the granting of the relief requested herein as there are no costs or other damages which could be contemplated on the part of Defendants with the granting of the requested relief for which a bond would otherwise be necessary.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court immediately take jurisdiction of this matter and enter an Order granting temporary and permanent injunctive relief expressly precluding Defendants, MTC FINANCIAL INC., CALIBER HOME LOANS, INC, U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, TRUSTEE CORPS, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, their agents and assigns, from enforcing the non-judicial foreclosure and from removing Plaintiff from her property during the pendency of this action.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff demands for jury trial on all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ask for the following for each Cause of Action to be awarded:

    (a)  For Treble Damages for Violation of California Homeowner Bill of Rights

    (b)  For Special Damages in an amount to be determined by proof at trial;

    (c)  For Compensatory Damages in an amount to be determined by proof at trial;

    (d)  For Punitive Damages as allowed by law;

    (e)  For Restitution as allowed by law;

    (f)  For Declaratory Relief and Injunctive Relief;

    (g)  For Injunctive Relief;

    (h)  For an order compelling Defendants to remove any instrument, including the Assignment of Deed of Trust, which does or could be construed as constituting a cloud upon Plaintiff's title to the Properties;

    (i)  For an order compelling Defendants to disgorge all amounts wrongfully taken from Plaintiff and returning the same to Plaintiff's interest thereon at the statutory rate from the date the funds were first received from Plaintiff;

    (j)  For Attorney's Fees and Costs of this action;

    (k)  For costs of suit incurred herein; and

    (l)  For such and further relief as the Court may deem just and proper.

Dated: 11 July 2016

Linda R. Rodemsky
LINDA R. RODEMSKY
Plaintiff, In Pro Per.

COMPLAINT

40

<u>Superior Court of California, County of Contra Costa</u>

## NOTICE TO PLAINTIFFS

In <u>Unlimited Jurisdiction</u> Civil Actions

## <u>AFTER YOU FILE YOUR COURT CASE:</u>

1.  **Have the forms the clerk gives you served on <u>all</u> defendants in this case:**
    a.  The Complaint
    b.  The Summons
    c.  The Notice of Case Management Conference (shows hearing date and time)
    d.  The Notice to Defendants  (Local Court Form CV-655d)
    e.  <u>Blank</u>: Case Management Statement (Judicial Council Form CM-110)
    f.  <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days  (Local Court Form CV-655b)
    g.  Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

2.  Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the ***Proof of Service*** form (POS-010) (completed by the person who did the service) with the court.

3.  **Go to the case management conference on the date indicated on** <u>The Notice of Case Management Conference.</u>

4.  **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit *www.cc-courts.org/adr* , or call (925) 957-5787.

5.  **You may delay the first case management conference while you try to resolve the dispute in ADR.**  If all parties agree to use ADR, complete and file the <u>Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days</u> form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

Local Court Form – Instructions
CV-655a/Rev. 07/25/2007

<u>Superior Court of California, County of Contra Costa</u>

# NOTICE TO DEFENDANTS
In <u>Unlimited Jurisdiction</u> Civil Actions

<u>YOU ARE BEING SUED</u>.  The packet you have been served should contain:

a.   The Summons

b.   The Complaint

c.   The Notice of Case Management (shows hearing date and time)

d.   <u>Blank</u>: Case Management Statement (Judicial Council Form CM-110)

e.   <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

f.   Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c)

 ## WHAT DO I DO NOW? 

<u>You must:</u>

1.  **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2.  **Complete the** *Case Management Statement*  *(CM-110)*

3.  **File and serve your court papers on time**    Once your court forms are complete, you <u>must</u> file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4.  **Prove you served your court papers on time**     by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that <u>must</u> be filed at the court within <u>60</u> days.

5.  **Go to court** on the date and time given in the *Notice of Case Management Conference*.

6.  **Consider trying to settle your case before trial**     If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the <u>*Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days*</u> can be filed with your other papers.  For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

<u>COURT FEES:</u>  You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

<u>COURT FORMS:</u>  Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an <u>ANSWER</u>.
2. If you have a claim in the same case against the plaintiff, you may file a <u>CROSS-COMPLAINT</u>.
3. If you want to ask the court to do something on your behalf, you may file a <u>MOTION</u> *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

>    Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

>    a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do <u>not</u> check number 2).
>    b. For contract claims, use Judicial Council PLD-C-010 (do <u>not</u> check number 3a).
>    c. Be sure to deny <u>every</u> claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

>    a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.
>    b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. <u>Demurrer</u> *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2. <u>Motion to Strike</u> *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3. <u>Motion to Transfer</u> *(the complaint is in the wrong court or there's a more appropriate court)*;
4. <u>Motion to Quash Service of Summons</u> *(you were not legally served)*;
5. <u>Motion to Stay</u> *(put the case on hold)*; or
6. <u>Motion to Dismiss</u> *(stops the case)*.

   **NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- Lawyer Referral Service:   (925) 825-5700
- Bay Area Legal Aid:   (800) 551-5554
- **Contra Costa County Law Library**        Martinez: (925) 646- 2783        Richmond:  (510) 374-3019
- Ask the Law Librarian:    www.247ref.org/portal/access_law3.cfm

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____

Plaintiff(s) / Cross Plaintiff(s)

vs.

_____

_____

Defendant(s) / Cross Defendant(s)

### *ADR Case Management Stipulation and Order*
### *(Unlimited Jurisdiction Civil Cases)*

CASE NO: _____

> ► ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST **SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.** (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)
>
> ► PARTIES MUST ALSO SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE: FAX: (925) 957-5689 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

**Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:**

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i. ❑ Mediation   (❑ Court-connected ❑ Private)
      ii. ❑ Arbitration   (❑ Judicial Arbitration (non-binding)   ❑ Private (non-binding)   ❑ Private (binding))
      iii. ❑ Neutral case evaluation
   b. The ADR neutral shall be selected by *(date):* _____ *(no more than 14 days after filing this form)*
   c. ADR shall be completed by *(date):* _____ *(no more than 90 days after filing this form)*
2. The parties will complete the following discovery plan:
   a. ❑ Written discovery:   (❑ Additional page(s) attached)
      i. ❑ Interrogatories to:
      ii. ❑ Request for Production of Documents to:
      iii. ❑ Request for Admissions to:
      iv. ❑ Independent Medical Evaluation of:
      v. ❑ Other:
   b. ❑ Deposition of the following parties or witnesses: (❑ Additional page(s) attached)
      i. _____
      ii. _____
      iii. _____
   c. ❑ No Pre-ADR discovery needed
3. The parties also agree: _____
4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| | | | | |
|---|---|---|---|---|
| Counsel for Plaintiff *(print)* | | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | | Signature | |
| Counsel for Plaintiff *(print)* | | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | | Signature | |

> Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**
>
> Dated: _____          _____
>                                           **Judge of the Superior Court**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|

*(Check one):*  ☐ **UNLIMITED CASE**       ☐ **LIMITED CASE**
                  (Amount demanded           (Amount demanded is $25,000
                  exceeds $25,000)           or less)

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:              Div.:                    Room:

Address of court *(if different from the address above):*

☐   **Notice of Intent to Appear by Telephone,** by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one):*
    a.  ☐   This statement is submitted by party *(name):*
    b.  ☐   This statement is submitted **jointly** by parties *(names):*

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):*
    b.  ☐   The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b.  ☐   The following parties named in the complaint or cross-complaint
        (1)  ☐   have not been served *(specify names and explain why not):*

        (2)  ☐   have been served but have not appeared and have not been dismissed *(specify names):*

        (3)  ☐   have had a default entered against them *(specify names):*

    c.  ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4.  **Description of case**
    a.  Type of case in  ☐   complaint      ☐   cross-complaint      *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   E-mail address:
☐   Additional representation is described in Attachment 8.

f.   Fax number:
g.   Party represented:

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)   For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**10. c.** Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date):* <br> ☐ Agreed to complete mediation by *(date):* <br> ☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date):* <br> ☐ Agreed to complete settlement conference by *(date):* <br> ☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date):* <br> ☐ Agreed to complete neutral evaluation by *(date):* <br> ☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date):* <br> ☐ Agreed to complete judicial arbitration by *(date):* <br> ☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date):* <br> ☐ Agreed to complete private arbitration by *(date):* <br> ☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date):* <br> ☐ Agreed to complete ADR session by *(date):* <br> ☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
- a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
- a. ☐ There are companion, underlying, or related cases.
  - (1) Name of case:
  - (2) Name of court:
  - (3) Case number:
  - (4) Status:
  - ☐ Additional cases are described in Attachment 13a.
- b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
- a. ☐ The party or parties have completed all discovery.
- b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

- c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

### *Questions?* Call (925) 957-5787, or go to www.cc-courts.org/adr

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators.  For more information about these programs contact the ADR Program at (925) 957-5787

EXHIBIT A

𝒩                                                                                       𝓺

Recording Requested By

| | |
|---|---|
| WHEN RECORDED MAIL TO | |

NAME  Records Processing Services
STREET
ADDRESS  577 Lamont Road
CITY &
STATE  Elmhurst, IL 60126

CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
**DOC- 2006-0396472-00**
Check Number
Tuesday, DEC 12, 2006 14:32:00
MIC    $1.00:MOD     $9.00:REC   $13.00
TCF    $8.00:DAF     $1.80:REF    $0.20
Ttl Pd    $33.00        Nbr-0003522014
mam/R3/1-9

SPACE ABOVE THIS LINE FOR RECORDER'S USE

212702

## DEED OF TRUST

(Page 1 of 8)

☐ If this box is checked, this Deed of Trust secures future advances.

THIS DEED OF TRUST is made this ___11TH___ day of ___DECEMBER___, 20 _06_, among the Trustor, DANIEL E. RODEMSKY AND LINDA R. RODEMSKY, HUSBAND AND WIFE AS COMMUNITY PROPERTY                                                                          whose address is 1263 SHAKESPEARE DR, CONCORD, CA 94521 (herein "Borrower"), STEWART TITLE GUARANTY (herein "Trustee") and the Beneficiary, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA a corporation organized and existing under the laws of DELAWARE                                whose address is 704-B BANCROFT ROAD, COUNTRYWOOD SHOPPING CTR, WALNUT CREEK, CA 94598 (herein "Lender").

The following paragraph preceded by a checked box is applicable.

☒ WHEREAS, Borrower is indebted to Lender in the principal sum of $ _401,209.65_, evidenced by Borrower's Loan Agreement dated ___DECEMBER 11, 2006___ and any extensions or renewals thereof (including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing for monthly installments of principal and interest, including any adjustments to the amount of payments or the contract rate if that rate is variable, with the balance of the indebtedness, if not sooner paid, due and payable on DECEMBER 11, 2036 ;

☐ WHEREAS, Borrower is indebted to Lender in the principal sum of $ _____, or so much thereof as may be advanced pursuant to Borrower's Revolving Loan Agreement dated _____ and extensions and renewals thereof (herein "Note"), providing for monthly installments, and interest at the rate and under the terms specified in the Note, including any adjustments in the interest rate if that rate is variable, and providing for a credit limit stated in the principal sum above and an initial advance of $ _____;

TO SECURE to Lender the repayment of the indebtedness, including future advances, evidenced by the Note, with interest thereon at the applicable contract rate (including any adjustments to the amount of payment or the contract rate if that rate is variable) and other charges; the payment of all other sums, with interest thereon, advance in accordance herewith to protect the security of this Deed of Trust; and the performance of the convenants and agreements of Borrower herein contained, Borrower, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust with power of sale, the following described property located in the County of ___CONTRA COSTA___ State of California:

CONTINUED ON EXHIBIT A-LEGAL DESCRIPTION

which has the address of 1263 SHAKESPEARE DR,                                          CONCORD
                        (Street)                                                      (City)

California 94521                     (herein "Property Address");
          (Zip Code)

*MR082736FBU73DOT9000CA008031D*MRODEMSKY              M                    ORIGINAL

396472

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property;"

TO SECURE to Lender the repayment of (1) the indebtedness evidenced by the Note, with interest thereon, including any increases if the contract rate is variable; (2) all present and future advances under the Revolving Loan Agreement; (3) the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and (4) the performance of the covenants and agreements of Borrower herein contained; and (5) the payment of such further sums as the then record owner of the Property hereafter may borrower from Lender, when evidenced by another note (or notes) reciting it is so secured.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest (including any variations in interest resulting from changes in the contract rate that may be specified in the Note) on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 2. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 12. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the loan current. Lender may accept any payment or partial payment insufficient to bring the loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each periodic payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Funds for Escrow Items. Borrower shall pay to Lender on the day periodic payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any. These items are called "Escrow Items." At origination or at any time during the term of the loan, Lender may require that community association dues, fees, and assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in

*KR082736FBU73QOT9000CA008032G*KRODEMSKY * ORIGINAL

396472

REQUEST FOR NOTICE OF DEFAULT                                    (Page 7 of 8)
——————— AND FORECLOSURE UNDER SUPERIOR ———————
MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance of any sale or other foreclosure action.

_____
DANIEL E. RODEMSKY                                          - Borrower

*Linda R. Rodemsky*
_____
LINDA R. RODEMSKY                                           - Borrower

State of    )  California
County of _____ )  *Contra Costa*
On *Dec. 11, 2006*  before me, ( *Santa Everhardt*  ), a Notary
Public, personally appeared *Daniel E. Rodemsky & Linda R.*
*Rodemsky*
_____

_____,

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that ~~he/she/they~~ executed the same in ~~his/her/their~~ authorized capacity(ies), and that by ~~his/her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal
Signature _____ (Seal)

> SANTA EVERHARDT
> COMM. #1680099
> Notary Public-California
> CONTRA COSTA COUNTY
> My Comm. Exp. Aug 8, 2010

State of    )  California
County of _____ )
On_____ before me, (_____ ), a Notary
Public, personally appeared _____

_____

_____

_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal
Signature:_____ (Seal)

08-23-06 DOT



*R082736FBU73DOT9000CA008037D**RODEMSKY          *          ORIGINAL

CA008037

396472

Title Order No. _____        Escrow Loan No. _____

**Deed of Trust**
WITH POWER OF SALE
(LONG FORM)

**Housekey Financial Corporation**
AS TRUSTEE

T006-150520

**DO NOT RECORD**
FOR RECONVEYANCE OR FORECLOSURE SEND TO THE NEAREST
OFFICE OF HOUSEKEY FINANCIAL CORPORATION

**REQUEST FOR FULL RECONVEYANCE**
To be used only when note has been paid.

Dated _____

To HOUSEKEY FINANCIAL CORPORATION, Trustee:

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

MAIL RECONVEYANCE TO:

(By) _____

(By) _____

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.
Both must be delivered to the Trustee for cancellation before reconveyance will be made.

08-23-06-06 DOT

CAQ08038



*R002735FBU73DOT9000CAQ08038Q**RODEMSKY*        H        ORIGINAL

this Security Instrument, as the phrase "covenant and agreement" is used in Section 7. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 7 and pay such amount and Borrower shall then be obligated under Section 7 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 12 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 2.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 35000), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this security instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the loan does not qualify as a "federally related mortgage loan" under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

3. Application of Payments or Proceeds. Except as otherwise described in this Section 3 or as may be required by the Note and/or applicable law, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the note; (c) amounts due under Section 2. Such payments shall be applied to each periodic payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent periodic payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one periodic payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the periodic payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more periodic payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or miscellaneous proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the periodic payments.

4. Prior Mortgages and Deeds of Trust; Charges; Liens. Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require and in



396472

such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments. Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. Protection of Lender's Security. If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Where the original principal amount of the Note then in effect is $10,000 or more, any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. Inspection. Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 15 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. Notice. Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. Governing Law; Severability. The applicable law contained in the Note shall control. Where no applicable law is contained therein, the state and local laws of the jurisdiction in which the Property is located shall be applicable to this Deed of Trust, except where such laws conflict with Federal law in which case Federal law shall apply. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses," and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. Rehabilitation Loan Agreement. Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

15. Transfer of the Property; Assumption. If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) The creation of a lien or encumbrance subordinate to this Deed of Trust which does not relate to a transfer of rights of occupancy in the property: Provided, that such lien or encumbrance is not created pursuant to a contract for deed; (b) The creation of a purchase-money security interest for household appliances; (c) A transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety; (d) The granting of a leasehold interest which has a term of three years or less and which does not contain an option to purchase; (e) A transfer, in which the transferee is a person who occupies or will occupy the property, which is: (A) A transfer to a relative resulting from the death of the Borrower; (B) a transfer where the spouse or child(ren) becomes an owner of the property; or (C) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement by which the spouse becomes an owner of the property; or (f) A transfer into an inter vivos trust in which the Borrower is a, and remains, the beneficiary and occupant of the property, unless, as a condition precedent to such transfer, the Borrower refuses to provide the Lender with reasonable means acceptable to the Lender by which the Lender will be assured of timely notice of any subsequent transfer of the beneficial interest or change in occupancy; Lender may, at Lender's option, declare all sums secured by this Deed of Trust to be immediately due and payable. Lender shall have waived such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is sold or transferred reach an agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sums secured by this Deed of Trust shall be at such rate as Lender shall request. Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by Paragraph 16 hereof.

16. Acceleration; Remedies. Except as provided in paragraph 15 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in the paragraph 16 including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on

(Page 6 of 8)

Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statement made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

17. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time within three months of the recording of default under this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 16 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

18. Assignment of Rents; Appointment of Receiver; Lender in Possession. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 16 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 16 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

19. Reconveyance. Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall, upon payment of its fees, reconvey the Property without warranty to the person or persons legally entitled thereto.

20. Substitute Trustee. Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

21. Request for Notices. Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924b of the Civil Code of California.

22. Statement of Obligation. Lender may collect a fee not to exceed $60 for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

23. Arbitration Rider to Note. The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Mortgage.

396472

EXHIBIT A (PAGE 1)

THE FOLLOWING DESCRIBED REAL PROPERTY IN THE CITY OF
CONCORD, COUNTY OF CONTRA COSTA COUNTY, STATE OF CALIFORNIA:

LOT 410, AS SHOWN ON THE MAP ENTITLED, 'CANTERBURY VILLAGE,
UNIT NO. 5, TRACT 2165, CONCORD, CONTRA COSTA COUNTY,
CALIFORNIA', FILED ON APRIL 6, 1955, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY, IN BOOK 57 OF MAPS AT PAGE
31.   TAX MAP OR PARCEL ID NO.: 132-184-011-6

**End of Document**

*R002736FBU73DDT9000CAD08030D**RODEMSKY          *          ORIGINAL

# EXHIBIT B

2015P017488300001
CONTRA COSTA Co Recorder Office
JOSEPH CANCIAMILLA, Clerk-Recorder
DOC-2015-0174883-00
Acct 1124-Servicelink Irvine Ca Simplifile
Friday, AUG 21, 2015 13:03:39
MOD    $1.00|REC   $11.00|FTC    $0.00
DAF    $2.70|REF   $0.30|RED    $1.00
ERD    $1.00|
Ttl Pd   $17.00       Nbr-0002367091
MNH/RC/1-1

RECORDING REQUESTED BY:

LSI Title Company

WHEN RECORDED MAIL TO:

TRUSTEE CORPS
17100 Gillette Ave
Irvine, CA 92614

---

APN: 132-184-011                    TS No: CA08002875-15-1                    TO No: 150209648-CA-VOI

## SUBSTITUTION OF TRUSTEE

WHEREAS, DANIEL E. RODEMSKY AND LINDA R. RODEMSKY, HUSBAND AND WIFE AS COMMUNITY PROPERTY was the original Trustor, STEWART TITLE GUARANTY was the original Trustee, and HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA was the original Beneficiary under that certain Deed of Trust dated December 11, 2006 and recorded on December 12, 2006, as Instrument No. 2006-0396472-00, of official records in the Office of the Recorder of Contra Costa County, California;

WHEREAS, the undersigned current Beneficiary, desires to substitute a new Trustee under said Deed of Trust in place of and instead of said original Trustee, or Successor Trustee, thereunder in the manner in said Deed of Trust provided;

NOW THEREFORE, the undersigned hereby substitutes **MTC FINANCIAL Inc. dba Trustee Corps**, whose address is 17100 Gillette Ave, Irvine, CA 92614, as Trustee under said Deed of Trust.

Dated: _____ 8-20-15 _____     HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA
                                                     by Trustee Corps, as Attorney in Fact

                                                     By: Rande Johnsen, Director

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
|---|

State of CALIFORNIA
County of ORANGE

                                     Jared Degener
On  8-20-15           before me, _____, Notary
Public, personally appeared RANDE JOHNSEN, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _____ CA _____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature

JARED DEGENER
Commission # 1976225
Notary Public - California
Orange County
My Comm. Expires Apr 26, 2016

# EXHIBIT C

2015P017488400003
CONTRA COSTA Co Recorder Office
JOSEPH CANCIAMILLA, Clerk-Recorder
DOC-2015-0174884-00
Acct 1124-Servicelink Irvine Ca Simplifile
Friday, AUG 21, 2015 13:03:39
MOD    $3.00|REC   $13.00|FTC    $2.00
DAF    $2.70|REF   $0.30|RED    $1.00
ERD    $1.00|
Ttl Pd   $23.00        Nbr-0002367092
MNH/RC/1-3

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Trustee Corps
17100 Gillette Ave
Irvine, CA 92614

| APN: 132-184-011 | TS No: CA08002875-15-1 | TO No: 150209648-CA-VOI |

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY
(The above statement is made pursuant to CA Civil Code Section 2923.3(c)(1).  The Summary will be provided
to Trustor(s) and/or vested owner(s) only, pursuant to CA Civil Code Section 2923.3(c)(2).)

### IMPORTANT NOTICE

IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE
BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY
COURT ACTION, and you may have the legal right to bring your account in good standing by
paying all of your past due payments plus permitted costs and expenses within the time permitted by law
for reinstatement of your account, which is normally five business days prior to the date set for the sale of
your property.  No sale date may be set until approximately 90 days from the date this Notice of Default
may be recorded (which date of recording appears on this notice).

This amount is **$18,337.96** as of **August 20, 2015**, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes)
required by your Note and Deed of Trust or Mortgage.  If you fail to make future payments on the loan,
pay taxes on the property, provide insurance on the property, or pay other obligations as required in the
Note and Deed of Trust or Mortgage, the Beneficiary or Mortgagee may insist that you do so in order to
reinstate your account in good standing.  In addition, the Beneficiary or Mortgagee may require as a
condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property
taxes, and hazard insurance premiums.

Upon your written request, the Beneficiary or Mortgagee will give you a written itemization of the entire
amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though
full payment was demanded, but you must pay all amounts in default at the time payment is made.
However, you and your Beneficiary or Mortgagee may mutually agree in writing prior to the time the
Notice of Sale is posted (which may not be earlier than the end of the three-month period stated above)
to, among other things, (1) provide additional time in which to cure the default by transfer of the property
or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the
obligation being foreclosed upon or a separate written agreement between you and your creditor permits

APN: 132-184-011                TS No: CA08002875-15-1                TO No: 150209648-CA-VOI

a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: **HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA c/o MTC Financial Inc. dba Trustee Corps** located at 17100 Gillette Ave Irvine, CA 92614 Phone: 949-252-8300 TDD: 866-660-4288 Ref No: CA08002875-15-1

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

# REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

**NOTICE IS HEREBY GIVEN THAT:** MTC Financial Inc. dba Trustee Corps is the original Trustee, duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated as of December 11, 2006, executed by DANIEL E. RODEMSKY AND LINDA R. RODEMSKY, HUSBAND AND WIFE AS COMMUNITY PROPERTY, as Trustor(s), to secure obligations in favor of HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, the original Beneficiary, recorded December 12, 2006, as Instrument No. 2006-0396472-00, of the official records in the Office of the Recorder of Contra Costa County, California, as more fully described on said Deed of Trust. Including a Note(s) for the sum of $401,209.65 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: **THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON January 15, 2015 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, ALONG WITH LATE CHARGES, PLUS ALL OF THE TERMS AND CONDITIONS AS PER THE DEED OF TRUST, PROMISSORY NOTE AND RELATED LOAN DOCUMENTS.**

That by reason thereof, the present Beneficiary under such Deed of Trust, has executed and delivered to MTC Financial Inc. dba Trustee Corps, said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Where required by law, a declaration pursuant to California Civil Code Section 2923.5(b) or California Civil Code Section 2923.55 is attached.

Dated: August 20, 2015                    **MTC Financial Inc. dba Trustee Corps**
                                          **as Duly Appointed Successor Trustee**

                                          By: Joseph Barragan, Authorized Signatory

MTC Financial Inc. dba Trustee Corps may be acting as a debt collector attempting to collect a debt. Any information obtained may be used for that purpose.

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.



EXHIBIT D

2016900004453800002
CONTRA COSTA Co Recorder Office
JOSEPH CANCIAMILLA, Clerk-Recorder
DOC 2016-0004458-00
Acct 1124-Servicelink Irvine Ca Simplifile
Monday, JAN 11, 2016 11:29:05
MOD   $2.00|REC   $12.00|FTC   $1.00
DAF   $2.70|REF   $0.30|RED   $1.00
ERD   $1.00|             |
Ttl Pd   $20.00          Nbr-0002484120
MSN/RC/1-2

RECORDING REQUESTED BY AND WHEN RECORDED RETURN TO:
CALIBER HOME LOANS
13801 Wireless Way
Oklahoma City, OK 73134

| Prepared By: | Liptu Paul | Control Number | 9804363795 |
|---|---|---|---|
| MERS Min: | 00000000000000000 | | |
| Parcel ID:: | 132-184-0116 | | |

Space Above This Line For Recorder's Use

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA whose address is 636 GRAND REGENCY BLVD., BRANDON, FL 33510, hereby grants, assigns and transfers to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST whose address is 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134 all beneficial interest under that certain Deed of Trust dated 12/11/2006 executed by DANIEL E RODEMSKY and LINDA R RODEMSKY to HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA in the amount of $401,209.65 and recorded on 12/12/2006 as Instrument # 2006-0396472-00, in Book/Volume or Liber No. N/A , Page/folio N/A of Official Records in the County Recorder's office of CONTRA COSTA County, CA, describing land herein as: 'SEE ATTACHED 'EXHIBIT A'

Property Address:   1263 SHAKESPEARE DR, CONCORD CA 94521-3367

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Witness #1   Jeffrey Sturkey

Witness #2   Brian Sabui

HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, BY CALIBER HOME LOANS INC., AS ITS ATTORNEY IN FACT

By:   Naomi Feistel
Title:   Authorized Signatory

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

County of San Diego )
State of California )

On   JAN 04 2016   before me, Lydia Sarahi Rodriguez Notary Public, personally appeared, Naomi Feistel, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand official seal,

Notary Name:   Lydia Sarahi Rodriguez   My Commission Expires: June 8, 2017

LYDIA SARAHI RODRIGUEZ
Commission # 2027969
Notary Public - California
San Diego County
My Comm. Expires Jun 8, 2017

# EXHIBIT E

20169001484200003
CONTRA COSTA Co Recorder Office
JOSEPH CANCIAMILLA, Clerk-Recorder
DOC 2016-0014842-00
Acct 1124-Servicelink Irvine Ca Simplifile
Wednesday, JAN 27, 2016 11:51:01
MOD   $3.00|REC   $13.00|FTC   $2.00
DAF   $2.70|REF   $0.30|RED   $1.00
ERD   $1.00|            |
Ttl Pd   $23.00      Nbr-0002497004
kat/RC/1-3

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Trustee Corps
17100 Gillette Ave
Irvine, CA 92614

---

APN: 132-184-011-6          TS No: CA08002875-15-1          TO No: 150209648-CA-VOI

## NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY
**(The above statement is made pursuant to CA Civil Code Section 2923.3(d)(1).  The Summary will be provided
to Trustor(s) and/or vested owner(s) only, pursuant to CA Civil Code Section 2923.3(d)(2).)**

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED December 11, 2006.  UNLESS YOU
TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU
NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD
CONTACT A LAWYER.**

On **March 3, 2016 at 10:00 AM, at the north side of the Pittsburg Civic Center near the grass
located at 65 Civic Avenue, Pittsburg, CA 94565, MTC Financial Inc. dba Trustee Corps**, as the duly
Appointed Trustee, under and pursuant to the power of sale contained in that certain Deed of Trust
recorded on December 12, 2006, as Instrument No. 2006-0396472-00, of official records in the Office of
the Recorder of Contra Costa County, California, executed by DANIEL E. RODEMSKY AND LINDA R.
RODEMSKY, HUSBAND AND WIFE AS COMMUNITY PROPERTY, as Trustor(s), in favor of
HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA as Beneficiary, **WILL SELL AT PUBLIC
AUCTION TO THE HIGHEST BIDDER**, in lawful money of the United States, all payable at the time of
sale, that certain property situated in said County, California describing the land therein as: **AS MORE
FULLY DESCRIBED IN SAID DEED OF TRUST**

The property heretofore described is being sold "as is".   The street address and other common
designation, if any, of the real property described above is purported to be: **1263 SHAKESPEARE DR,
CONCORD, CA 94521**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

Said sale will be made without covenant or warranty, express or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the Note(s) secured by said Deed of Trust, with interest thereon, as provided in said Note(s), advances if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.

The total amount of the unpaid balance of the obligations secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of this Notice of Trustee's Sale is estimated to be $393,793.02 (Estimated).  However, prepayment premiums, accrued interest and advances will increase this figure prior to sale.  Beneficiary's bid at said sale may include all or part of said amount.  In addition to cash, the Trustee will accept a cashier's check drawn on a state or national bank, a check drawn by a state or federal credit union or a check drawn by a state or federal savings and loan association, savings association or savings bank specified in Section 5102 of the California Financial Code and authorized to do business in California, or other such funds as may be acceptable to the Trustee.  In the event tender other than cash is accepted, the Trustee may withhold the issuance of the Trustee's Deed Upon Sale until funds become available to the payee or endorsee as a matter of right.  The property offered for sale excludes all funds held on account by the property receiver, if applicable.

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee and the successful bidder shall have no further recourse.**

## Notice to Potential Bidders

If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a Trustee auction.  You will be bidding on a lien, not on the property itself.  Placing the highest bid at a Trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien.  If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property.  You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information.  If you consult either of these resources, you should be aware that the same Lender may hold more than one mortgage or Deed of Trust on the property.

## Notice to Property Owner

The sale date shown on this Notice of Sale may be postponed one or more times by the Mortgagee, Beneficiary, Trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about Trustee Sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call In Source Logic at 702-659-7766 for information regarding the Trustee's Sale or visit the Internet Web site address listed below for information regarding the sale of this property, using the file number assigned to this case, CA08002875-15-1. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Date: January 25, 2016

MTC Financial Inc. dba Trustee Corps
TS No. CA08002875-15-1
17100 Gillette Ave
Irvine, CA 92614
Phone:949-252-8300
TDD: 866-660-4288

Miguel Ochoa, Authorized Signatory

**SALE INFORMATION CAN BE OBTAINED ON LINE AT www.insourcelogic.com
FOR AUTOMATED SALES INFORMATION PLEASE CALL:
In Source Logic AT 702-659-7766**

MTC Financial Inc. dba Trustee Corps MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.

1   Richard J. Reynolds (SBN 89911)
     E-mail:  rreynolds@bwslaw.com
2   Fabio R. Cabezas (SBN 131998)
     E-mail:  fcabezas@bwslaw.com
3   BURKE, WILLIAMS & SORENSEN, LLP
     1851 East First Street, Suite 1550
4   Santa Ana, CA  92705-4067
     Tel:  949.863.3363     Fax:  949.863.3350
5

6   Attorneys for Defendant
     MTC FINANCIAL INC. dba TRUSTEE CORPS
     (erroneously named herein as MTC FINANCIAL
7   INC. and TRUSTEE CORPS)

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF CONTRA COSTA

10

| | |
|---|---|
| 11  LINDA R. RODEMSKY,<br><br>12           Plaintiff,<br><br>13    v.<br><br>14  MTC FINANCIAL INC., CALIBER<br>15  HOME LOANS, INC, U.S. BANK<br>     TRUST, N.A., as Trustee for LSF9 Master<br>16  Participation Trust, TRUSTEE CORPS,<br>     HOUSEHOMD FINANCE<br>17  CORPORATION OF CALIFORNIA and<br>     DOES 1 THROUGH 35 INCLUSIVE,<br>18<br>19          Defendants. | Case No.  C16-01323<br><br>**DECLARATION OF NON-MONETARY STATUS BY FORECLOSURE TRUSTEE PURSUANT TO <u>CIVIL CODE</u> SECTION 2924*l***<br><br>Action Filed:    7/12/2016<br>Trial Date:      None |

20

21       I, GLORIA JUAREZ, declare:

22        1.     I have personal knowledge of the facts stated herein, and if called as a witness,

23  could competently testify thereto.

24        2.     I am an officer of MTC FINANCIAL INC. dba TRUSTEE CORPS ("TRUSTEE

25  CORPS") (erroneously named herein as MTC FINANCIAL INC. and TRUSTEE CORPS).

26        3.     The subject matter of this litigation is a Deed of Trust under which TRUSTEE

27  CORPS is the substituted in trustee.  The Deed of Trust dated December 11, 2006 was recorded

28  December 12, 2006 with the Contra Costa County Recorder's Office as Instrument No. 2006-

0396472-00.  TRUSTEE CORPS has not been named as a Defendant due to any acts or omissions on its part in the performance of its duties as trustee.

4.     TRUSTEE CORPS believes, based on the pleadings, that it has been named in this proceeding solely in its capacity as a trustee or agent therefor under the Deed of Trust.  It maintains a reasonable belief that it has not been named due to any acts or omissions on its part in the performance of its duties as trustee or agent therefor.  The basis for that belief is that the acts of TRUSTEE CORPS. in commencing and proceeding with the foreclosure proceedings are privileged under Civil Code § 2924(d), and Civil Code § 47.

5.     TRUSTEE CORPS agrees to be bound by whatever non-monetary order or judgment is issued by the Court regarding the subject Deed of Trust.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Executed on ___8/15/16___, at Irvine, California.

                                         GLORIA JUAREZ, Declarant

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4848-0857-9638 v1

DECLARATION OF NON-MONETARY STATUS BY FORECLOSURE TRUSTEE

## PROOF OF SERVICE

I, Patti Soeffner, declare:

I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1851 East First Street, Suite 1550, Santa Ana, California  92705-4067.  On August 16, 2016, I served a copy of the within document(s):

**DECLARATION OF NON-MONETARY STATUS BY FORECLOSURE TRUSTEE PURSUANT TO <u>CIVIL CODE</u> SECTION 2924*l***

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Santa Ana, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

***PLEASE SEE ATTACHED SERVICE LIST.***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 16, 2016, at Santa Ana, California.

_____
Patti Soeffner

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4848-0857-9638 v1                          - 1 -

DECLARATION OF NON-MONETARY STATUS BY FORECLOSURE TRUSTEE

1

**Service List,**
*Linda R. Rodemsky vs. MTC Financial Inc., et al.*
*Contra Costa County Superior Court, Case No. C16-01323*

2

3

Linda R. Rodemsky                    *Plaintiff In Pro Per*
4          1263 Shakespeare Drive             Linda R. Rodemsky
Concord, CA  94521
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4848-0857-9638 v1                    - 2 -

DECLARATION OF NON-MONETARY STATUS BY FORECLOSURE TRUSTEE

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| RICHARD J. REYNOLDS, ESQ., Bar #89911<br>BURKE, WILLIAMS & SORENSEN, LLP<br>1851 EAST FIRST STREET<br>SUITE 1550<br>SANTA ANA, CA  92705<br>Telephone No: 949-863-3363      FAX No: 949-863-3350 | |

Attorney for: Defendant

| Ref. No. or File No.: |
|---|

Insert name of Court, and Judicial District and Branch Court:

CONTRA COSTA COUNTY SUPERIOR COURT

Plaintiff: LINDA R. RODEMSKY

Defendant: MTC FINANCIAL INC., ET AL.

| **PROOF OF SERVICE** | Hearing Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|---|
| | | | | C16-01323 |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the DECLARATION OF NON-MONETARY STATUS BY FORECLOSURE TRUSTEE PURSUANT TO CIVIL CODE SECTION 2924/

*3. a. Party served:*
    *b. Person served:*

LINDA R. RODEMSKY
party in item 3. a.

*4. Address where the party was served:*

1263 SHAKESPEARE DRIVE
CONCORD, CA  94521

*5. I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Aug. 17, 2016 (2) at: 8:03PM

*7. Person Who Served Papers:*
    a. OCTAVIO VARELA

Recoverable Cost Per CCP 1033.5(a)(4)(B)

d. *The Fee for Service was:*     $248.25

e. I am: Not a Registered California Process Server

**First Legal**
1138 Howard Street
San Francisco, CA 94103
Telephone     (415) 626–3111
Fax               (415) 626–1331
www.firstlegalnetwork.com

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: *Tue, Aug. 23, 2016*

(OCTAVIO VARELA)

| Judicial Council Form<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE | 11038342  .ricrey.833491 |
|---|---|---|

1

## **PROOF OF SERVICE**

2      I am a citizen of the United States and employed in Orange County, California.  I am over
3  the age of eighteen years and not a party to the within-entitled action.  My business address is 600
   W. Santa Ana Blvd., Ste. 101, Santa Ana, CA 92701.  On **August 16, 2016**, I served a copy of the
4  within document(s):

5          **DECLARATION OF NON-MONETARY STATUS BY**
           **FORECLOSURE TRUSTEE PURSUANT TO CIVIL CODE**
6          **SECTION 2924***l*

7      ☐      by transmitting via facsimile the document(s) listed above to the fax number(s) set
              forth below on this date before 5:00 p.m.
8

9      ☐      by placing the document(s) listed above in a sealed envelope with postage thereon
              fully prepaid, the United States mail at Santa Ana, California addressed as set forth
10             below.

11     ☐      by placing the document(s) listed above in a sealed _____ envelope and
              affixing a pre-paid air bill, and causing the envelope to be delivered to
12            a _____ agent for delivery.

13     ☒      by personally delivering the document(s) listed above to the person(s) at the
              address(es) set forth below.
14

15     ☐      by transmitting via e-mail or electronic transmission the document(s) listed above
              to the person(s) at the e-mail address(es) set forth below.
16

   *PLEASE SEE ATTACHED SERVICE LIST.*
17

18     I am readily familiar with the firm's practice of collection and processing correspondence
   for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
19  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
   motion of the party served, service is presumed invalid if postal cancellation date or postage
20  meter date is more than one day after date of deposit for mailing in affidavit.

21     I declare under penalty of perjury under the laws of the State of California that the above
   is true and correct.

22     Executed on **August 16, 2016**, at Santa Ana, California.

23

24                                           _____
                                             First Legal Network
25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4848-0857-9638 v1                        - 1 -

DECLARATION OF NON-MONETARY STATUS BY FORECLOSURE TRUSTEE

1

**<u>Service List</u>**,
*Linda R. Rodemsky vs. MTC Financial Inc., et al.*
*Contra Costa County Superior Court, Case No. C16-01323*

2

3

4         Linda R. Rodemsky                    *Plaintiff In Pro Per*
          1263 Shakespeare Drive               Linda R. Rodemsky
5         Concord, CA  94521

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4848-0857-9638 v1                    - 2 -

DECLARATION OF NON-MONETARY STATUS BY FORECLOSURE TRUSTEE

1   TROYGOULD PC
    Russ M. Fukano (SBN 114166)
2   Email:   rfukano@troygould.com
    Kenneth J. MacArthur (SBN 175906)
3   Email:   kmacarthur@troygould.com
    1801 Century Park East, 16th Floor
4   Los Angeles, CA 90067-2367
    Telephone:   (310) 553-4441
5   Facsimile:   (310) 201-4746

6   Attorneys for Defendants
    Caliber Home Loans, Inc., and U.S. Bank Trust, N.A., as
7   Trustee for LSF9 Master Participation Trust

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF CONTRA COSTA

10

11  LINDA R. RODEMSKY,                    Case No. CIVMSC16-01323

12          Plaintiff,                    DECLARATION OF KENNETH J.
                                          MACARTHUR PURSUANT TO CODE OF
            v.                            CIVIL PROCEDURE SECTION 430.41(a)(2)
13                                        RE:
    MTC FINANCIAL INC.; CALIBER HOME
14  LOANS, INC.; U.S. BANK TRUST, N.A., as   (1) GOOD FAITH ATTEMPT TO MEET AND
    Trustee for LSF9 Master Participation Trust,  CONFER; AND
15  TRUSTEE CORPS, HOUSEHOLD
    FINANCE CORPORATION OF                (2) AUTOMATIC EXTENSION OF
16  CALIFORNIA and DOES 1 through 35      DEFENDANTS' DEADLINE TO RESPOND
    inclusive,                            TO COMPLAINT UP TO AND INCLUDING
17                                        OCTOBER 3, 2016
            Defendants.
18                                        [C.C.P. § 430.41]

19

20                                        Complaint Filed:   July 12, 2016

21

22

23

24

25

26

27

28

TroyGould
PC
                                    DECLARATION OF KENNETH J. MACARTHUR PURSUANT
                                    TO CODE OF CIVIL PROCEDURE SECTION 430.41(a)(2)
01425-0245 285373.1

1    I, Kenneth J. MacArthur, declare as follows:

2    1.    I am an attorney at law duly licensed to practice before all of the courts in the State

3    of California. I am a member of the law firm TroyGould PC, counsel of record for Defendants

4    Caliber Home Loans, Inc. and U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation

5    Trust ("Defendants") in this action. I have personal knowledge of the facts set forth in this

6    Declaration, except as to those matters stated upon information and belief, and as to those matters, I

7    am informed and believe they are true. If called as a witness, I could and would testify

8    competently to such facts under oath.

9    2.    As set forth more fully below, and pursuant to Code of Civil Procedure Section

10   430.41 ("Section 430.41"): (a) I am filing this declaration in order to explain why the parties were

11   not able to meet and confer about the complaint five days before Defendants' responsive pleading

12   was due; (b) **the filing of this declaration automatically extends the deadline for Defendants to**

13   **file and serve their responsive pleading, up to and including October 3, 2016; and (c)**

14   **Defendants "shall not be subject to default during the period of the extension."**

15   <u>**Service of the Complaint on Defendants**</u>

16   3.    The complaint in this action was filed in pro per by plaintiff Linda R. Rodemsky

17   ("Plaintiff") in Contra Costa Superior Court on July 12, 2016 (the "Complaint").

18   4.    Defendants were served on or about August 2, 2016. The deadline for them to

19   respond to the Complaint would therefore be September 1, 2016.

20   5.    Before filing a demurrer, Code of Civil Procedure Section 430.41 requires that the

21   parties meet and confer five days beforehand, which would be August 26, 2016.

22   <u>**TroyGould's Efforts to Communicate with Plaintiff**</u>

23   6.    On August 22, 2016 I called plaintiff Linda Rodemsky at 925-689-5905, reached

24   voicemail and left a voicemail message introducing myself, and asking her to call me about this

25   matter. On August 23, 2016 I left another voicemail message at 925-689-5905, and I also called

26   plaintiff Linda Rodemsky at 925-864-9265, and left a voicemail message introducing myself, and

27   asking her to call me about this matter. The purpose of my calls was to request an extension of our

28   clients' deadline to respond to the complaint.

**TroyGould PC**

1

DECLARATION OF KENNETH J. MACARTHUR PURSUANT
TO CODE OF CIVIL PROCEDURE SECTION 430.41(a)(2)

01425-0245 285373.1

7.      On August 25, 2016, I caused a meet and confer letter to be sent by messenger to Ms. Rodemsky, at her address of record.  I am informed and believe that the letter was delivered at 1:00 p.m.

8.      In my six page, August 25, 2016 letter: (a) I detailed the deficiencies in the Complaint and each cause of action therein, as against Defendants, with legal support for the basis of the deficiencies; (b) I informed Ms. Rodemsky of the statutory need to meet and confer telephonically pursuant to Section 430.41; and (c) I asked Plaintiff to call me by the close of business on August 26, 2016 to discuss the matter or, alternatively, if she wanted more time to consider my letter, to agree to a 15-day extension of Defendants' deadline to respond to the complaint.

9.      On August 25, 2016, after business hours, Ms. Rodemsky left a voicemail message for me, in which she stated "I teach school and I'm sort of unavailable until after your office hours," and explained that she leaves her house for work at 6:30 a.m. and returns at 5:30 p.m. or later.

10.      In view of Ms. Rodemsky's unavailability during working hours, I am causing a letter to be sent to her, asking her to let me know if she can be available for a telephone call at 6:00 p.m. on one of the following days -- August 30, August 31, September 1, 2, 6 or 8.

11.      Pursuant to Section 430.41, this declaration is to advise the Court that despite Defendants' good faith effort to meet and confer, the parties were unable to meet and confer by August 26, 2016.

12.      Pursuant to Section 430, where, as here, the parties are not able to meet and confer at least five days prior to the date the responsive pleading is due, the demurring party is granted an automatic 30-day extension of time within which to file a responsive pleading, by filing and serving a declaration stating that a good faith attempt to meet and confer was made and explaining the reasons why the parties could not meet and confer.  C.C.P. § 430.41 41(a)(2).  The 30-day extension commences from the date the responsive pleading was previously due, and the demurring party shall not be subject to default during the period of the extension.  Id.

1        13.     Accordingly, the current deadline for Defendants to respond to the Complaint is

2  automatically extended up to and including October 3, 2016.

3        I declare under penalty of perjury under the laws of the State of California that the

4  foregoing is true and correct.

5        Executed this 26th day of August, 2016, at Los Angeles, California.

6

7                                Kenneth J. MacArthur

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### PROOF OF SERVICE

2

3      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1801 Century Park East, 16th Floor,

4      Los Angeles, CA 90067-2367.

5      On August 26, 2016, I served the within document(s) described as:

6      DECLARATION OF KENNETH J. MACARTHUR PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 430.41(a)(2) RE: (1) GOOD FAITH ATTEMPT TO MEET AND

7      CONFER; AND (2) AUTOMATIC EXTENSION OF DEFENDANTS' DEADLINE TO RESPOND TO COMPLAINT UP TO AND INCLUDING OCTOBER 3, 2016 [C.C.P. § 430.41]

8

       on the interested parties in this action as stated on the attached mailing list.

9

[X]    (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope

10     addressed as set forth on the attached mailing list.  I placed each such envelope for collection and mailing following ordinary business practices.  I am readily familiar with this

11     Firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence would be deposited with the United States Postal Service on

12     that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed

13     invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

       I declare under penalty of perjury under the laws of the State of California that the

15     foregoing is true and correct.

16     Executed on August 26, 2016, at Los Angeles, California.

17     _____          _____
              Nycolle L. Harding                                    (Signature)
18            (Type or print name)

19

20

21

22

23

24

25

26

27

28

**TroyGould
PC**

01425-0245 285373.1

1

## SERVICE LIST

2

3  Linda R. Rodemsky                    Richard J. Reynolds
   1263 Shakespeare Drive               Fabio R. Cabezas
4  Concord, CA 94521                    Burke, Williams & Sorensen, LLP
                                        1851 East First Street, Suite 1550
5                                       Santa Ana, CA 92705

6  Austin T. Beardsley
   Katten Muchin Rosenman
7  100 Spectrum Center Drive, Suite 1050
   Irvine, CA 92618

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TroyGould**
**PC**

DECLARATION OF KENNETH J. MACARTHUR PURSUANT
TO CODE OF CIVIL PROCEDURE SECTION 430.41(a)(2)

01425-0245 285373.1

# Exhibit B



RECORDING REQUESTED BY:

WHEN RECORDED MAIL DEED
AND TAX STATEMENT TO:

Baypick, LLC
712 Bancroft Rd, Suite 831
Walnut Creek, CA 94598

CONTRA COSTA Co Recorder Office
JOSEPH CANCIAMILLA, Clerk–Recorder
**DOC– 2016–0044785–00**
Check Number
Tuesday, MAR 15, 2016 14:08:47
CON $468.05 CER $4.50 MOD $2.00
REC $12.00 FTC $1.00 DAF $2.70
REF $0.30 RED $1.00 ERD $1.00
Ttl Pd $492.55   Nbr–0002534166
                                    lrc / RU / 1-2



---

APN: 132-184-011-6 | TS No: CA08002875-15-1 | TO No: 150209648-CA-VOI

## TRUSTEE'S DEED UPON SALE

The undersigned Grantor, under penalty of perjury, declares:

1) The Grantee herein was not the foreclosing beneficiary.
2) The amount of the unpaid debt together with costs was: **$399,159.66**
3) The amount paid by the Grantee at the trustee sale was: **$425,100.00**
4) The documentary transfer tax is: $ 468 05
5) Said property is in the city of: CONCORD
6) A.P.N. 132-184-011-6

and **MTC Financial Inc. dba Trustee Corps**, herein called "Trustee", as Trustee (or as Successor Trustee) of the Deed of Trust hereinafter described, hereby grants and conveys, but without covenant or warranty, express or implied, to **Baypick, LLC**, herein called "Grantee", the real property in the County of Contra Costa, State of California, described as follows:

**LOT 410, AS SHOWN ON THE MAP ENTITLED, 'CANTERBURY VILLAGE, UNIT NO. 5, TRACT 2165, CONCORD, CONTRA COSTA COUNTY, CALIFORNIA', FILED ON APRIL 6, 1955, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, IN BOOK 57 OF MAPS AT PAGE 31.**

This deed is made pursuant to the authority and powers given to Trustee (or to Successor Trustee) by law and by that certain Deed of Trust dated December 11, 2006, made to DANIEL E. RODEMSKY AND LINDA R. RODEMSKY, HUSBAND AND WIFE AS COMMUNITY PROPERTY and recorded on December 12, 2006, as Instrument No. 2006-0396472-00 of Official Records in the office of the Recorder of Contra Costa County, CA, Trustee (or Successor Trustee) having complied with all applicable statutory provisions and having performed all of his duties under the said Deed of Trust.

APN: 132-184-011-6          TS No: CA08002875-15-1          TO No: 150209648-CA-VOI

All requirements of law and of said Deed of Trust relating to this sale and to notice thereof having been complied with. Pursuant to the Notice of Trustee's Sale, the above described property was sold by Trustee (or Successor Trustee) at public auction on **March 3, 2016** at the place specified in said Notice, to Grantee who was the highest bidder therefore, for **$425,100.00** cash, in lawful money of the United States, which has been paid.

Dated: _3 — 7 — / 6_                **MTC Financial Inc. dba Trustee Corps**

By: Miguel Ochoa, Authorized Signatory

---

A notary public or officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of CALIFORNIA
County of ORANGE

On _3|7|16_ before me, _____ Donna Gracian-Chavez _____, a Notary Public, personally appeared MIGUEL OCHOA, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of CALIFORNIA that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature

> **DONNA GRACIAN-CHAVEZ**
> Commission # 2064937
> Notary Public - California
> Orange County
> My Comm. Expires Apr 19, 2018

"END OF DOC"

# Exhibit C



# Actions

**Home**      **Complaints/Parties**      **Actions**      **Minutes**      **Pending Hearings**      **Case Report**      **Images**

Open Quick Search

## Case CIVMSC16-01323 - RODEMSKY VS MTC FINANCIAL INC.

Move To This Date

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 11/29/2016 8:30 AM DEPT. 21 | CASE MANAGEMENT CONFERENCE - Minutes | | |
| | 09/26/2016 7:00 AM DEPT. 21 | CHECK FOR REQUEST FOR ENTRY OF DEFAULT | VACATED | |
| | 09/15/2016 7:00 AM DEPT. 21 | CHECK FOR PROOF OF SERVICE | VACATED | |
| | 08/26/2016 | DECLARATION OF KENNETH J. MACARTHUR FILED RE: GOOD FAITH ATTEMPT TO MEET AND CONFER & AUTOMATIC EXTENSION OF DEADLINE TO RES | Not Applicable | N/A |
| | 08/17/2016 | (U.J.) ANSWER TO COMPLAINT FILED 07/12/2016 OF LINDA RODEMSKY FILED BY HOUSEHOLD FINANCE CORPORATION OF | Not Applicable | N/A |
| | 08/16/2016 | DECLARATION OF NON-MONETARY STATUS BY FORECLOSURE TRUSTEE PURSUANT TO CCP 2924 FILED | Not Applicable | N/A |
| | 08/12/2016 | PROOF OF PERSONAL SERVICE FILED ON COMPLAINT FILED 07/12/2016 OF LINDA RODEMSKY AS TO U.S. BANK TRUST, N.A. WITH SERVICE DATE OF 08/02/16 | Not Applicable | N/A |
| | 08/12/2016 | PROOF OF PERSONAL SERVICE FILED ON COMPLAINT FILED 07/12/2016 OF LINDA RODEMSKY AS TO MTC FINANCIAL INC. WITH SERVICE DATE OF 08/02/16 | Not Applicable | N/A |
| | 08/11/2016 | CLERK`S TICKLER TO CHECK FOR REQUEST FOR ENTRY OF DEFAULT WAS SET FOR 9/26/16 AT 7:00 IN DEPT. 21 | | |
| | 08/11/2016 | PROOF OF PERSONAL SERVICE FILED ON COMPLAINT FILED 07/12/2016 OF LINDA RODEMSKY AS TO MTC FINANCIAL INC. WITH SERVICE DATE OF 08/02/16 | Not Applicable | N/A |
| | 08/11/2016 | PROOF OF PERSONAL SERVICE FILED ON COMPLAINT FILED 07/12/2016 OF LINDA RODEMSKY AS TO HOUSEHOLD FINANCE CORPORATION OF WITH SERVICE DATE OF 08/03/16 | Not Applicable | N/A |
| | 08/11/2016 | PROOF OF PERSONAL SERVICE FILED ON COMPLAINT FILED 07/12/2016 OF LINDA RODEMSKY AS TO CALIBER HOME LOANS,INC. WITH SERVICE DATE OF 08/02/16 | Not Applicable | N/A |
| | 07/12/2016 | COLOR OF FILE IS YELLOW | Not Applicable | |
| | 07/12/2016 | ORIGINAL SUMMONS ON COMPLAINT FILED 07/12/2016 OF LINDA RODEMSKY FILED | Not Applicable | N/A |
| | 07/12/2016 | CASE ENTRY COMPLETE | Not Applicable | |
| | 07/12/2016 | CLERK`S TICKLER TO CHECK FOR PROOF OF SERVICE WAS SET FOR 9/15/16 AT 7:00 IN DEPT. 21 | | |

| | 07/12/2016 | CASE MANAGEMENT CONFERENCE WAS SET FOR 11/29/16 AT 8:30 IN DEPT. 21 | | |
| --- | --- | --- | --- | --- |
| | 07/12/2016 | CASE HAS BEEN ASSIGNED TO DEPT. 21 | | |
| | 07/12/2016 | COMPLAINT FILED. SUMMONS IS ISSUED | Not Applicable | N/A |